IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

ANDREW DOE                                                                                          PLAINTIFF

VS.                                                      CIVIL ACTION NO. 3:18-cv-138-DPJ-FKB

THE UNIVERSITY OF MISSISSIPPI;
STATE INSTITUTIONS OF HIGHER
LEARNING ("IHL"); TRACY MURRY,
INDIVIDUALLY AND IN HIS OFFICIAL
CAPACITY; HONEY USSERY,
INDIVIDUALLY AND IN HER
OFFICIAL CAPACITY; STATE OF
MISSISSIPPI; and DOES 1-5                                                                     DEFENDANTS

ORDER GRANTING PLAINTIFF'S
MOTION TO PROCEED PSEUDONYMOUSLY

Before the Court is the plaintiff's Motion to Proceed Pseudonymously [4]. For the reasons described herein, the Court finds that the motion should be granted.

Plaintiff, hereinafter "Andrew Doe," is a student who has been issued a long-term suspension by the University of Mississippi after he was accused of sexually assaulting another student, hereinafter "Bethany Roe." Doe claims that no assault occurred, and that Roe confirmed to law enforcement that the sexual encounter at issue was consensual. He contends that the university's investigation improperly relied on statements by Roe's friends, rather than Roe herself. Doe challenges the legality of the university's investigation and disciplinary procedures that resulted in his suspension. He contends that the nature of the suit necessitates usage of pseudonyms to protect his identity and the identity of Bethany Roe.

At the heart of this case is a sexual encounter between Doe and Roe, which he claims was consensual and the University Judicial Council found amounted to sexual assault. The complaint

1

contains Doe's detailed description of the sexual encounter as he contends it occurred. [1] at 7-10. Doe alleges that Defendants improperly failed to consider certain pieces of evidence during the investigation and disciplinary hearings. In support of this allegation, he describes in great detail evidence which he contends is exculpatory, including statements by Roe to doctors and police, interviews with other witnesses, and reports compiled by the university. *Id.* at 9-14.

The legal standard in determining whether a party should be able to proceed pseudonymously is as follows:

> Litigating under pseudonyms "requires a balancing of considerations calling for maintenance of a party's privacy against the customary and constitutionally-embedded presumption of openness in judicial proceedings." *Doe v. Stegall*, 653 F.2d 180, 186 (5th Cir. 1981). The Fifth Circuit has identified three factors "common to those exceptional cases in which the need for party anonymity overwhelms the presumption of disclosure": (1) plaintiffs are "suing to challenge governmental activity; (2) prosecution of the suit compels plaintiffs to disclose information 'of the utmost intimacy;' and (3) plaintiffs [are] compelled to admit their intention to engage in illegal conduct, thereby risking criminal prosecution." *Id.* at 185 (citing *S. Methodist Univ. Ass'n of Women Law Students v. Wynn & Jaffe*, 599 F.2d 707 (5th Cir. 1979)).
> 
> These factors do not form a "rigid, three-step test for the propriety of party anonymity." *Id.* A party need not prove all three to proceed anonymously. *Doe v. El Paso Cty. Hosp. Dist.*, No. EP-13-CV-406-DCG, 2015 WL 1507840, at *2 (W.D. Tex. Apr. 1, 2015) (citing *Plaintiff B v. Francis*, 631 F.3d 1310, 1316 (11th Cir. 2011) and *Stegall*, 653 F.2d at 186). Nor are the factors exclusive. The Fifth Circuit chose to "advance no hard and fast formula for ascertaining whether a party may sue anonymously." 653 F.2d at 186. Courts, therefore, have considered other circumstances, including whether plaintiffs would face threats of "violence or physical harm by proceeding in their own names, and whether their anonymity posed a unique threat of fundamental unfairness to the defendant." *Plaintiff B*, 631 F.3d at 1316 (citing *Stegall*, 599 F.2d at 713).

*Doe v. Hood*, No. 3:16-cv-00789-CWR-FKB, 2017 WL 2408196, at *1 (S.D. Miss. June 2, 2017).

The Court finds, after considering the factors of this case, that the plaintiff should be permitted to proceed pseudonymously. His suit challenges governmental activity, requires the disclosure of intimate details relating to both himself and another individual, and centers upon an

allegation that he committed a serious crime. Accordingly, the plaintiff should be permitted to proceed without public disclosure of his identity.

The Court also finds that it is appropriate to use a pseudonym in place of the alleged victim's actual name. Though she is not a party to this litigation, it will focus upon, and has already described in detail, extraordinarily intimate details of a sexual encounter. Her right to privacy with regard to the events described within the complaint outweighs the public's right to know her identity.

Requiring that these two individuals only be referred to using pseudonyms will not prejudice or pose a threat of fundamental unfairness to Defendants, as they are already aware of the individuals' identities. Instead, granting Plaintiff's motion permits him to proceed without fear that the suit itself will result in future damages to either himself or Bethany Roe.

Accordingly, Plaintiff's motion is granted. None of his personally identifying information shall be made public on the Court's docket. When filing any publicly accessible (i.e. non-sealed or non-restricted) pleadings or documents, filers (attorneys, interested parties, etc.) shall use the pseudonym "Andrew Doe" in place of Plaintiff's actual name and shall not include any personally identifying information of the plaintiff. Similarly, filers shall use the pseudonym, "Bethany Roe," when identifying the student who the University Judicial Council found was sexually assaulted by Andrew Doe. Filers shall refrain from including any personally identifying information of Bethany Roe in any publicly accessible filing.

SO ORDERED, this the 6th day of April, 2018.

/s/ F. Keith Ball
UNITED STATES MAGISTRATE JUDGE