**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN DIVISION**

**ANDREW DOE**                                                            **PLAINTIFF**

**V.**                                        **CIVIL ACTION NO.: 3:18cv138 DPJ -FKB**

**THE UNIVERSITY OF MISSISSIPPI, ET AL**                          **DEFENDANTS**

### PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

COMES NOW, Plaintiff Andrew Doe, by and through undersigned counsel, and pursuant to Federal Rule of Civil Procedure 65, and files this, his Motion for a Preliminary Injunction as against the State of Mississippi ("State"); the University of Mississippi ("the University"); State Institutions of Higher Learning ("IHL"); the Board of Trustees of State Institutions of Higher Learning ("Board of Trustees"); Board of Trustees members C.D. Smith, Jr., Shane Hooper, Tom Duff, Dr. Ford Dye, Ann H. Lamar, Dr. Alfred E. McNair, Jr., Chip Morgan, Hal Parker, Alan W. Perry, Christy Pickering, Dr. Doug W. Rouse and Dr. J. Walt Starr, in their official capacities; Alfred Rankins, Jr., in his official capacity as Commissioner of Higher Education; Jeffrey S. Vitter, in his official capacity as Chancellor of the University of Mississippi; and Tracy Murry and Honey Ussery.  In support of this motion, the Plaintiff submits the following:

1.      On May 17, 2018, the Plaintiff filed his Amended Complaint in this matter against Defendants the State of Mississippi ("State"); the University of Mississippi ("the University"); State Institutions of Higher Learning ("IHL"); the Board of Trustees of State Institutions of Higher Learning ("Board of Trustees"); Board of Trustees members C.D. Smith, Jr., Shane Hooper, Tom Duff, Dr. Ford Dye, Ann H. Lamar, Dr. Alfred E. McNair, Jr., Chip Morgan, Hal Parker, Alan W. Perry, Christy Pickering, Dr. Doug W. Rouse and Dr. J. Walt Starr, in their official capacities;

Alfred Rankins, Jr., in his official capacity as Commissioner of Higher Education; Jeffrey S. Vitter, in his official capacity as Chancellor of the University of Mississippi; and Tracy Murry and Honey Ussery,  [Doc. 9]  The Plaintiff's Complaint seeks declaratory and injunctive relief, as well as monetary damages from the Defendants for gender-based discrimination in violation of Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681, *et. seq.*, violations of the Due Process and Equal Protection clauses of the Fourteenth Amendment of the United States Constitution and for breach of contract.

2.   The Plaintiff is a student who seeks to redress for his improper suspension from the University.  Following a false allegation of sexual misconduct, the Plaintiff was subjected to a gender-biased and unconstitutional investigation and disciplinary action by the Defendants.  The biased and erroneous outcome was magnified by the severe sanction of a multi-year suspension.

3.   Throughout the course of the investigation and associated disciplinary process, the University, Defendant Murry and Defendant Ussery failed to apply the same standards to the Plaintiff as they did to female students.  The gender based inequities and denial of due process inherent in the policies, practices and customs of the University's Title IX proceedings were sanctioned and/or deliberately disregarded by the Chancellor, the Board of Trustees of State Institutions of Higher Learning, the Commissioner of Higher Education and the State of Mississippi.

4.   The Plaintiff requests this Court enter an Order enjoining the Defendants from violating his constitutional rights and rights established under Title IX and from continuing further disciplinary proceedings or retaliatory conduct against him pending resolution of this matter.  As part of the injunctive relief, the Plaintiff also seeks to have the Defendants enjoined from

identifying him as having been found "Responsible" of sexual misconduct on his transcripts or elsewhere, pending resolution of this case on its merits.

5.      Federal Rule of Civil Procedure 65 governs preliminary injunctions.  In order for the Court to grant a preliminary injunction, a party must demonstrate the following: (1) A substantial likelihood that he will prevail on the merits, (2) a substantial threat that [he] will suffer irreparable injury if the injunction is not granted, (3) his substantial injury outweighs the threat and harm to the party whom he seeks to enjoin, and (4) granting the preliminary injunction will not disserve the public interest. *See Tex. Med. Providers Performing Abortion Servs. v. Lakey*, 667 F.3d 570, 574 (5th Cir. 2012); *Canal Auth. of the State of Florida v. Calloway*, 489 F.2d 567, 573 (5th Cir. 1974). The decision to either grant or withheld equitable relief "rests in the sound discretion of the court."  *Petrol. Expl., Inc. v. Publ. Serv. Comm'n of Ky.*, 304 U.S. 209, at 218, 58 S.Ct. 834, 82 L.Ed. 1294 (1938).

6.    The Title IX investigation by the University of Mississippi and subsequent disciplinary proceedings against Andrew Doe were erroneous, the result of selective enforcement and/or conducted with deliberate indifference. Even when the Department of Education acknowledged that the system being used was violating some individuals' due process and equal protection rights, the Defendants failed to modify their policies and practices.  Andrew Doe and other males continued to be subjected to ongoing deprivations of their basic Constitutional and statutory rights.

In addition to his Title IX claim, Andrew Doe is asserting violations of his procedural and substantive due process rights and a violation of the equal protection clause of the Fourteenth Amendment to the U.S. Constitution.  He brings these claims through the procedure vehicle of 42 U.S.C. § 1983.

7.     The Fourteenth Amendment of the U.S. Constitution provides that no state shall deprive any person of life, liberty, or property without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.  *U.S. Const. Amend. XIV, § 1.*   Herein, the Defendants, acting under color of state law, erroneously deprived the Plaintiff of his procedural and substantive due process rights and denied him equal protection under the law.

8.     In addition to the foregoing, the Plaintiff contracted with the State of Mississippi and the University of Mississippi when he executed documents evidencing his desire to attend the University and made payment to the University.  The terms of the contract are included within his admission agreement.  Additional terms of the agreement may be derived from a student handbook, catalog or other statement of university policy. *See University of Mississippi Medical Center v. Hughes*, 765 So.2d 528, 535 (2000) (citing *Ross v. Crayton University*, 957 F.2d. 410 (7th Cir. 1992); *Doherty v. S. Coll. of Optometry*, 862 F.2d. 570 (6th Cir. 1988); *Corso v. Crayton University*, 731 F.2d 529 (8th Cir. 1984); *Mahavongsanan v. Hall*, 529 F.2d 448 (5th Cir. 1976)

The University of Mississippi, and thus the State of Mississippi, breached its contract with Andrew Doe by violating its own policies and procedures relating to the investigations of sexual misconduct and student discipline. Further breach occurred when it failed to treat Doe and other male students in an equal manner as Bethany Roe and other female students.

9.     Based upon the showing set forth in the Complaint, the exhibits filed in support of this motion and the arguments set forth more fully in the accompanying memorandum of law which are incorporated herein by reference, there is a substantial likelihood that the Plaintiff will succeed on the merits of his claims.   Furthermore, the removal of the disciplinary record against the Plaintiff and his immediate return to good standing is required to preclude further irreparable

injury.  The only way to ensure that ongoing, immediate and irreparable harm does not continue, is the issuance of a preliminary injunction.

10.     Considering the ongoing disciplinary actions by the Defendants and the irreparable harm that continues to occur while the Plaintiff e is unable to pursue his education at the University of Mississippi or any other institution of higher learning, the Plaintiff requests that a preliminary injunction be granted immediately and without the requirement of an evidentiary hearing, pursuant to Fed. R. Civ. P. 65 (a).

11.     Because the preliminary injunction seeks to preclude the wrongful and improper actions and exclusions by the Defendants and does not seek to preclude the Defendants from engaging in distinct separate lawful business endeavors which are not tortious or otherwise beyond the scope of the Plaintiff's Complaint, the Plaintiff requests that he not be required to post a bond or security.

12.     For the reasons set forth above and as more fully articulated in the accompanying Memorandum of Authorities, the Plaintiff respectfully requests the Court GRANT his Motion for a Preliminary Injunction.  In further support of his motion, the Plaintiff respectfully submits to the Court the following exhibits for consideration:

      A.     Amended Complaint (Second)

      B.     Affidavit of the Plaintiff

      C.     Affidavit of Randall Lacey

      D.     Ussery Report with exhibits

      E.     Transcript of hearing

      F.     Polygraph examination and information regarding Ken Shull

      G.     Investigative Information regarding Randall Lacey

H.      Determination Letters

I.      2011 Dear Colleague Letter

J.      Secretary of Education Prepared Remarks September 7, 2017

K.      September 22, 2017, Department of Education Statement

L.      Department of Education Q&A Guidance Documentation

M.      October 10, 2017 Statement from the University of Mississippi

N.      The University of Mississippi's Sexual Misconduct Policy

O.      The University of Mississippi's Sexual Assault Response Adjudication
        Process Policy

P.      The University of Mississippi's Sexual Assault Accused Resources Policy

Q.      The University of Mississippi's Disciplinary Sanctions Policy

R.      Training slides

S.      Violence Prevention Office Fact Sheet (Myths)

T.      Violence Prevention Office Research Sheet

U.      Funding information (excerpts)

V.      Oxford Stories Article

Respectfully submitted this the 22nd day of June, 2018.

                            **ANDREW DOE,**
                            **PLAINTIFF**

                            By: ____s/ *Michelle T. High*_____
                                    Michelle T. High

OF COUNSEL:

J. Lawson Hester (MS Bar No. 2394)
lhester@pbhfirm.com
Michelle T. High (MS Bar No. 100663)
mhigh@pbhfirm.com
Pettis, Barfield & Hester, P.A.
4450 Old Canton Road, Suite 210
Jackson, Mississippi 39211
P.O. Box 16089
Jackson, Mississippi 39236-6089
Telephone: 601-987-5300
Facsimile: 601-987-5353

## CERTIFICATE OF SERVICE

I, Michelle T. High, hereby certify that I have this day filed the foregoing document with the Clerk of Court for the U.S. District Court, Southern District of Mississippi, via the Court's ECF/ PACER system, and a true and correct copy has been provided to the following counsel of record:

J. Cal Mayo, Jr.
cmayo@mayomallette.com
Paul B. Watkins, Jr.
pwatkins@mayomallette.com
J. Andrew Mauldin
dmauldin@mayomallette.com
Mayo Mallette PLLC
P.O. Box 1456
Oxford, Mississippi 38655
**COUNSEL FOR DEFENDANTS**

SO CERTIFIED, this the 22nd day of June, 2018.

_s/Michelle T. High_____
Michelle T. High