IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**ANDREW DOE**                                                                                    **PLAINTIFF**

**VS.**                                             **CIVIL ACTION NO.: 3:18cv-138-DPJ-FKB**

**THE UNIVERSITY OF MISSISSIPPI,
STATE OF MISSISSIPPI; STATE INSTITUTIONS
OF HIGHER LEARNING, ET AL.**                                                **DEFENDANTS**

### MEMORANDUM IN SUPPORT OF ITS MOTION TO QUASH SUBPOENA TO PRODUCE DOUCMENTS, INFORMATION OR OBJECTS OR PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

Jonathan S. Masters, ("Masters") individually and on behalf of his client Bethany Roe, SPECIALLY APPEARING AND WITHOUT WAIVING ANY OF THEIR RIGHTS, file this Memorandum in Support of its Motion to Quash Subpoena and in support thereof would show the following:

### Introduction

Masters and Bethany Roe are non-parties to the instant litigation. Defendants' subpoena demands production to what amounts to Bethany Roe's legal file generated and related to Masters' previous representation of Bethany Roe against "Andrew Doe" including a confidential release and settlement agreement.

The subpoena requests:

> 1. All communications and correspondence between you (and/or any of your employees, agents, and representatives) and [Andrew Doe] (and/or any of his agents or representatives) arising out of or in any way related to [Bethany Roe's] allegations that [Andrew Doe] violated any sexual misconduct policies at the University of Mississippi, unlawfully sexually

1

assaulted or committed a sexual battery against her, or committed any intentional tort against her.

2. All agreements entered into by and between Bethany Roe (and/or any of her agents or representatives) and [Andrew Doe] (and/or any of his agents or representatives) arising out of or in any way related to [Bethany Roe's] allegations that [Andrew Doe] violated any sexual misconduct policies at the University of Mississippi, unlawfully sexually assaulted or committed a sexual battery against her, or committed any intentional tort against her.

3. All communications and correspondence between you (and/or any of your employees, agents, and representatives) and the District Attorney's Office for the Third Circuit of Mississippi (and/or any of its agents or representatives) arising out of or in any way related to Bethany Roe's allegations that [Andrew Doe] violated any sexual misconduct policies at the University of Mississippi, unlawfully sexually assaulted or committed a sexual battery against her, or committed any intentional tort against her.[1]

As issued and served, Defendants' overly broad subpoena requests a client's entire legal representation file which includes highly confidential and protected information that may damage long-held protections between a client and her attorneys. Indeed, the subpoena contains sweeping requests for "all ... agreements, communications, and correspondence," "arises out of in any way" and any such communication, agreement or correspondence with "and/or any of your employees, agents, and representatives." As was noted in *Miller v. Holzmann*, "[o]ne wonders if there is a typographical error in that sentence, or a missing participial phrase that should have been included but was not . . . It is impossible that all the files . . . could have something to do with this case. This demand is the very zenith of an oppressive

---

[1] Since the original filing of this motion, Counsel for Defendants by email has limited the scope of the subpoena to include: (1) all communications exchanged between your office and Mr. Doe or Mr. Doe's legal counsel, (2) any agreements entered into between your client and Mr. Doe, and (3) communications exchanged between your office, and the District Attorney's Office.

2

burden and I certainly will not enforce such a subpoena." 471 F.Supp.2d 119, 122 (D.D.C. 2007)(emphasis added).

Bethany Roe and Masters seek to quash the instant Subpoena as the information requested is protected by the attorney-client privilege and/or the work product doctrine that was generated during Masters' representation of Bethany Roe.

### Defendant's Subpoena Seeks Information Protected by the Attorney-Client Privilege and/or the Work Product Doctrine

*Federal Rule of Civil Procedure* 45(d)(3)(A) requires a court to quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

The determination of whether the attorney-client privilege applies turns on whether "the communications are of a confidential nature, are made between a client and his attorney, and are made for the purpose of seeking or giving legal advice," and if so, the communications are "absolutely protected from disclosure." *Buford v. Holladay*, 133 F.R.D. 487, 491 (S.D. Miss. 1990); see also *Dunn v. St. Farm Fire & Cas. Co.*, 927 F.2d 869, 875 (5th Cir. 1991) ("if a communication between a lawyer and client would facilitate the rendition of legal services or advice, the communication is privileged"). In

3

addition, the Second Circuit has recognized certain circumstances under which it is appropriate to extend the protection of the attorney-client privilege to those communications between an attorney's client and a person other than the attorney when the purpose of the communication is to assist the attorney in rendering advice to the client. *U.S. v. Adlman*, 68 F.3d 1495, 1499 (2d Cir. 1995). This is a broad protection encompassing a vast range of materials and communications.

The attorney–client privilege is the oldest of the privileges for confidential communications known to common law. 8 J. Wigmore, *Evidence* § 2290 (McNaughton rev. 1961). Its purpose is to encourage full and frank communication between attorneys and their clients and thereby promote broader public interests in the observance of law and administration of justice. The privilege recognizes that sound legal advice or advocacy serves public ends and that such advice or advocacy depends upon the lawyers being fully informed by the client. "The lawyer–client privilege rests on the need for the advocate and counselor to know all that relates to the client's reasons for seeking representation if the professional mission is to be carried out." *Upjohn Co. v. United States*, 449 U.S. 383, 389, 101 S. Ct. 677, 682, 66 L. Ed. 2d 584 (1981). The contents of the file contain attorney-client privileged materials between a client and attorney who are not involved in the current litigation. Defendants have not and cannot articulated the requisite need to pry open the long-standing privilege or otherwise articulated some other less obtrusive method to obtain the relevant materials to the matter *sub judice*.

4

In addition to being protected by the attorney-client privilege, Bethany Roe's legal file is protected by the work product doctrine, since everything contained in the claim file was necessarily prepared or gathered after the subject incident and thus in anticipation of litigation.

*Federal Rule of Civil Procedure* 26(b)(3) states that a party to litigation may obtain discovery of documents and tangible things otherwise discoverable under subdivision (b)(1) of this rule and prepared in anticipation of litigation ... by or for [another] party's representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent) only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of the party's case and that the party is unable without undue hardship to obtain the substantial equivalent of the materials by other means. *Fed. R. Civ. P.* 26(b)(3).

The Fifth Circuit has stated that the work product privilege can apply even if litigation is not imminent, "as long as the primary motivating purpose behind the creation of the document was to aid in possible future litigation." In *re Kaiser Aluminum and Chem. Co.*, 214 F.3d 586, 593 (5th Cir. 2000). There is no requirement that suit already be filed, as "prudent parties anticipate litigation, and begin preparation prior to the time suit is formally commenced." *Raso v. CMC Equip. Rental, Inc.*, 154 F.R.D. 126, 127 (E.D. Pa. 1994) (citing 8 Charles A. Wright & Arthur Miller, *Federal Practice and Procedure*, § 2024 at 198 (1970)); see also *Buford v. Holladay*, 133 F.R.D. 487, 493 (S.D. Miss. 1990) ("the determinative factor is whether, in light of circumstances that existed at the time of the communication, it could be said that the

communication occurred because of the prospect of litigation"). As such, the party claiming the protection must show that the documents were "prepared or obtained because of the prospect of litigation, not in the regular course of business, and the party can rely on the nature of the document and the facts of the case in order to meet its burden." *Raso*, 154 F.R.D. at 127-28 (citing 8 Charles A. Wright & Arthur Miller, *Federal Practice and Procedure*, § 2024 at 198 (1970)).

In the instant case, Bethany Roe's file contains information that was gathered after Bethany Roe retained Masters and his law firm in August of 2017. The information contained in the client file was gathered and prepared with an eye towards litigation and thus prepared in anticipation of litigation. Further, Defendants, as the parties seeking this production, cannot satisfy their burden demonstrating a substantial need for the materials in the preparation of its case and that it is unable, without undue hardship, to obtain the substantial equivalent of the materials by other means. *Fed. R. Civ. P.* 26(b)(3). Therefore, Defendants are not entitled to Bethany Roe's litigation file maintained by her attorneys.

## Less Obtrusive Means Exists

Part of the requested attorney/client file contains communication culminating in a settlement agreement which contains a confidentiality clause prohibiting disclosure.

A court must quash or modify a subpoena issued to a non-party if it subjects that person to undue burden. *Mattel Inc. v. Walking Mountain Prod.*, 353 F. 3d 792, 813 (9th Cir. 2003). In analyzing burden, a court must *balance the needs of the requesting*

*party with the burden imposed on the non-party. Premium Serv. Corp. v. Sperry and Hutchinson, Co.,* 511 F. 2d 225 (9th Cir. 1975). In performing this balancing test, a court must consider, among other things, the relevance of the requested information to the claim or defense in the underlying litigation. *Moon v. SCP Pool Corp.*, 2005 WL 3526513 (C.D. Cal. Dec. 7, 2005).

Bethany Roe, Masters nor his law firm are parties to the instant litigation. That non-party status weighs heavily against disclosure. "The word 'non-party' serves as a constant reminder of the reasons for the limitations that characterize 'third-party' discovery." *Dart Indust. Co. v. Westwood Chemical Co.*, 649 F.2d 646, 649 (9th Cir. 1980).

Federal Rule of Civil Procedure 26 is also relevant in the analysis as it defines the permissible scope of discovery as a Rule 45 subpoena is subject to that same scope. In reviewing a motion to quash a subpoena, the court must consider whether the subpoena is overly broad or seeking irrelevant information under the same standards set forth in Rule 26(b). *Federal Rule of Civil Procedure* 26(b)(1) provides for a scope of discovery:

> *Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.*

7

To obtain discovery, particularly from a nonparty, a party must demonstrate that its need for discovery outweighs the nonparty's interest in nondisclosure. Rule 26(b)(2)(C) also requires courts to limit discovery where "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive" and where "the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or the proposed discovery is outside the scope permitted by Rule 26(b)(1)" *Fed. R. Civ. Pro.* 26(b)(2)(C)(i)-(iii). What other options are available to Defendants to obtain the relevant information to defend the case now before this court that is less obtrusive than seeking an attorney and his client confidential file materials? Indeed, it appears the pivotal events given rise to the underlying causes of action occurred months before Masters was hired.

The burden is on the requesting party to make this demonstration. See, *Seabulk Towing Inc. v. Oceanografia, S.A.,* 2002 WL 32943746 (E.D. La. Jan. 9, 2002); *Katz,* 984 F.2d (where non-party claimed that information sought was irrelevant and /or confidential, burden of establishing need for the information was properly placed on party seeking discovery). As limited by Defendants by email, the request is now limited. As such, the only items which may be subject to disclosure would be the communications between Roe and Doe's counsels including a settlement agreement which contains a confidentiality clause.[2] Such communications can and should be

---

[2] There appears to be a total of 14 emails and letters in the file which were exchanged with Andrew Doe's previous counsel. Nine of which touch on and address details which culminated in the settlement and release agreement which includes the confidentiality clause.

obtained by way of a less obtrusive manner than attempting to subpoena an attorney and client's file who is not a party to the instant litigation.

The burden rests on Defendants to show that they have a "substantial need" for the information and that the information cannot otherwise be obtained without "undue hardship." See, *Klay v. All Humana*, 425 F.3d 977 (11th Cir. 2005); *Cusumano v. Mircrosoft Corp.*, 162 F.3d 708 (1st Cir. 1998). See also, *Insulate America v. Masco Corp.*, 227 F. R. D. 427 (W.D. N.C. 2005). See also, *Katz v. Batavia Marine and Sporting Supplies, Inc.*, 984 F.2d 422, 425 (Fed. Cir. 1993) (affirming district court's quashing of subpoena that sought confidential information and did not show a need for the broad range of information requested). And here, Defendants have not and cannot demonstrate the requisite need to set aside the attorney client privilege nor the attorney work product protections.

## Conclusion

Therefore, Defendants' Subpoena should be quashed as it seeks information requested that is protected by the attorney-client privilege and/or the work product doctrine. And now, as limited by email, the request appears to seek documents exchanged with Doe's previous counsel which touch upon and related to the ultimate settlement and resolution of that earlier litigation. Mindful of the ethical obligations to protect client confidences, and upon direction of this Court, a privilege log containing an index of the file contents may be provided to the Court for an *in-camera* review.

This the 20th day of May, 2019.

>Respectfully submitted,
>
>/s/Jonathan S. Masters
>Jonathan S. Masters, MSB 99419
>jmasters@holcombdunbar.com
>Holcomb Dunbar, Watts, Best, Masters & Golmon, PA
>Post Office drawer 707
>Oxford, Mississippi 38655
>(662) 234-8775 (t)

## CERTIFICATE OF SERVICE

I, Jonathan S. Masters, certify that on the 20th day of May, 2019, this document was filed in the United States District Court for the Southern District of Mississippi and served via ECF upon the following:

>J. Lawson Hester, Esq.
>David A. Barfield, Esq.
>Michelle Tolle High, Esq.
>Pettis, Barfield & Hester, P.A.
>P.O. Box 16089
>Jackson, MS  39236-6089
>>*Counsel for Plaintiff*

>J. Cal Mayo, Jr., Esq.
>John Andrew Mauldin, Esq.
>Paul B. Watkins, Jr., Esq.
>Mayo Mallette PLLC
>P.O. Box 1456
>Oxford, MS 38655
>>*Counsel for Defendants*

>/s/Jonathan S. Masters
>Jonathan S. Masters