**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

**ANDREW DOE**                                                                                      **PLAINTIFF**

**V.**                                                  **CIVIL ACTION NO.: 3:18cv138 DPJ -FKB**

**THE UNIVERSITY OF MISSISSIPPI, ET AL**                           **DEFENDANTS**

**OBJECTION AND MOTION TO QUASH SUBPOENA**

      COMES NOW, Plaintiff, Andrew Doe, by and through undersigned counsel of record, and moves this Court to Quash its Subpoena issued to Johnathan Masters, on April 30, 2019. In support of this request, Plaintiff would show as follows:

      1.      On April 30, 2019, the Defendants, through their counsel, issued a subpoena to produce documents, information or objects upon attorney Johnathan Masters of Holcomb, Dunbar, 400 Enterprise Drive, Oxford, Mississippi 38655. [Doc. 80-1] The subpoena commands production of three (3) categories of information from Masters. *Id.*

      2.      The categories of information sought by the Defendants' subpoena include the following:

        a.      All communications and correspondence between you (and/or any of your employees, agents, and representatives; and Andrew Doe and/or any of his agents, or representatives); arising out of or in any way related to Bethany Roe's allegation that Andrew Doe violated any sexual misconduct policies at the University of Mississippi, unlawfully sexually assaulted or committed a sexual battery against her or committed any intentional tort against her.

        b.      All agreements entered into by and between Bethany Roe (and/or any of her agents or representatives; and Andrew Doe and/or any of his agents or representatives) arising out of or in any way related to Bethany Roe's allegations that Andrew Doe violated any sexual misconduct policies at the University of Mississippi, unlawfully sexually assaulted, or

1

                committed a sexual battery against her, or committed any intentional tort against her.

        c.        All communications and correspondence between you (and/or any of your employees, agents, or representatives) and the District Attorney's Office for the Third Circuit of Mississippi (and/or any of its agents or representatives) arising out of or in any way related to Bethany Roe's allegation that Andrew Doe violated any sexual misconduct policies at the University of Mississippi, unlawfully sexually assaulted or committed a sexual battery against her, or committed any intentional tort against her.

3.       Following service of the subpoena, discussions were had between counsel and the demands identified in the subpoena were tailored to clarify that the Defendants are not seeking communications solely between Masters and his client.  [Doc. 88-1]

4.       Fed. R.Civ.P. 45(d)(3)(A) mandates that a Court quash and modify a subpoena that:

        a.        Fails to allow reasonable time to comply;

        b.        Requires a person to comply beyond the geographical limits specified in Rule 45(c);

        c.        Requires disclosure of privileged or other protected materials, if no exception of waiver applies; or

        d.        Subjects a person to undue burden.

5.       Neither Jonathan Masters nor his client are parties in the instant litigation.  While a motion to quash a subpoena under Fed.R.Civ.P. 45 typically may only be made by the party to whom the subpoena is directed, an exception exists when the party seeking to challenge the subpoena has alleged some personal privacy right or privilege in the documents sought. *Brown v. Braddick*, 595 F.2d 961, 967 (5th Cir. 1979); Wright & Miller, Federal Practice and Procedure, Civil 3d § 2459. A party has standing to challenge a subpoena issued to a non-party if the subpoena seeks proprietary, confidential, or protected information sensitive to the party. See, e.g., *Beach

*Community Bank v. Cushman & Wakefield of Georgia, Inc*. 2016 WL 7974093 *2 (March 3, 2016), citing *Old Towne Dev. Grp., L.L.C. v. Matthews,* 2009 WL 2021723, at *1 (M.D. La. July 9, 2009)

   6. To the extent the subpoena is seeking information relating to settlement negotiations and/or any private settlement agreement between Masters' client and Doe, the subpoena should be quashed pursuant to Fed.R.Civ.P. 45(d)(3)(A)(iii). "Settlement agreements are highly favored in the law and will be upheld whenever possible because they are a means of amicably resolving doubts and uncertainties and preventing lawsuits". *See Parmely v. 84 Lumber Co.,* 911 So.2d 569, 573 (¶ 22) (Miss.Ct.App.2005), *cert. denied* 920 So.2d 1008 (Miss.2005). The Defendants do not have a compelling interest the merits production of such communications or agreements. As such, the Court should preserve the confidentiality of any settlement communications and/or agreements between private parties.

   7. In addition to the fact the Defendants' subpoena demands production of settlement communications and agreements from Masters, all of the materials demanded by the subpoena were created well after the University of Mississippi concluded its investigation of Andrew Doe and issued disciplinary sanctions against him. The University of Mississippi had completed its investigation of Doe and issued discipline against him by April, 2017. [Doc. 86, ¶6] However, Masters did not represent Roe during the course of the Title IX investigation of Doe, nor during any of the disciplinary proceedings against him. His legal representation of Roe began five months later. The demand for materials from Masters' client file is unduly burdensome regardless of the time period of his representation, but even more so when the only materials being requested are those created and/or exchanged during a two-year period after the proceedings in issue in the present litigation. This broad and indiscriminate demand for production should be quashed pursuant to Fed.R.Civ.P. 45 (d)(3)(A)(iv).

8. The demand for production of Masters' communications with the District Attorney's office contained within the Defendants' subpoena is equally inappropriate and burdensome. Andrew Doe was never convicted of any crime arising out of the facts and circumstances in issue and there are no pending criminal charges against him. If the Defendants are interested in verifying this or otherwise exploring any criminal proceedings against Doe, there are less burdensome means of doing so than by serving a private attorney with a subpoena for his case file materials. As such, the demand for production of Masters' communications with the District Attorney's office should be quashed pursuant to Fed.R.Civ.P. 45 (d)(3)(A)(iv).

9. The Plaintiff further references and adopts herein the arguments raised within Jonathan Masters' Motion to Quash Subpoena and supporting memorandum of law [Doc.85, 86]

10. For the above stated reasons and as set forth more fully in the accompanying Memorandum of Law, the Plaintiff respectfully raises an objection to the subpoena duces tecum served upon Jonathan Masters and moves this Court to quash the subpoena in its entirety.

Respectfully submitted this the 5th day of June, 2019.

**ANDREW DOE, PLAINTIFF**

By: */s/ Michelle T. High*
Michelle T. High

J. Lawson Hester (MS Bar No. 2394)
lhester@pbhfirm.com
Michelle T. High (MS Bar No. 100663)
mhigh@pbhfirm.com
David A. Barfield (MS Bar No. 1994)
dbarfield@pbhfirm.com
Pettis, Barfield & Hester, P.A.
4450 Old Canton Road, Suite 210
Jackson, Mississippi 39211
P.O. Box 16089
Jackson, Mississippi 39236-6089
Telephone: 601-987-5300
Facsimile: 601-987-535

## **CERTIFICATE OF SERVICE**

I, Michelle T. High, hereby certify that I have this day filed the foregoing document electronically with the U.S. District Court, Southern District of Mississippi Clerk of Court's PACER/ECF system which gives electronic notice to the following:

J. Cal Mayo, Jr.
cmayo@mayomallette.com
Paul B. Watkins, Jr.
pwatkins@mayomallette.com
J. Andrew Mauldin
dmauldin@mayomallette.com
Mayo Mallette PLLC
P.O. Box 1456
Oxford, Mississippi 38655
**COUNSEL FOR DEFENDANTS**


SO CERTIFIED, this the 5th day of June, 2019.

*/s/ Michelle T. High*
Michelle T. High