# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

**ANDREW DOE**                                                                       **PLAINTIFF**

**v.**                                              **CIVIL ACTION NO. 3:18-cv-138-DPJ-FKB**

**STATE OF MISSISSIPPI; THE
UNIVERSITY OF MISSISSIPPI; STATE
INSTITUTIONS OF HIGHER LEARNING
("IHL"), ET AL.**                                                                    **DEFENDANT**

## ORDER

This case is before the Court on three motions: Non-Party Jonathan Masters's Motion to Quash Subpoena [85], Plaintiff Andrew Doe's Motion to Quash Subpoena [89], and a Motion to Strike [93] filed by Defendants. Having considered each motion and its briefing, the Court finds as follows.

Plaintiff Andrew Doe was a student at the University of Mississippi. The university suspended him after an investigation and administrative hearing determined that he had sexually assaulted another student, Bethany Roe, on or about December 2, 2016. Doe denies that he sexually assaulted Roe, contending that the sexual encounter at issue was consensual. Doe challenges the legality of the university's investigation and disciplinary procedures that resulted in his suspension.

On May 1, 2019, Defendants served a subpoena on Roe's attorney, Jonathan Masters. [81] at 2. Masters represented Roe in relation to a potential civil claim against Doe stemming from the underlying incident. Doe and Roe reached a confidential settlement agreement with regard to her potential claim. The subpoena requests all correspondence between Masters and Doe or Doe's "agents or representatives" and between Masters and the local district attorney relating to Roe's allegations that Doe "violated any sexual misconduct policies at the University of Mississippi, unlawfully sexually assaulted or committed a sexual battery against her, or committed any

1

intentional tort against her." [81] at 4. The subpoena also requests all agreements entered between Doe and Roe related to Roe's allegations. *Id.*

According to Masters, he possesses the settlement agreement and fourteen emails and letters that were exchanged with Doe's previous attorney. [86] at 8. He contends that nine of them "touch on and address details which culminated in the settlement and release agreement which includes the confidentiality clause." *Id.*

Addressing first Masters's Motion to Quash [86], Masters contends that the subpoena requests documents that are protected by either the attorney-client privilege or the work product doctrine. He also contends that there are less obtrusive, less burdensome means for Defendants to obtain the documents they seek.

However, each of the fifteen documents at issue has already been shared by Masters with a third party, Andrew Doe or his attorney. As such, none of them are protected by the attorney-client privilege. *See YETI Coolers, LLC v. RTIC Coolers, LLC*, Civil Action No. A-15-CV-597-RP, 2016 WL 8677303, at *2 (W.D. Tex. Dec. 30, 2016)("Generally, a party waives attorney-client privilege when it voluntarily discloses privileged communications to a third party, including an adversary in litigation."). Similarly, none of the fifteen documents at issue are protected by the work product doctrine. Correspondence with opposing counsel is not protected work product, nor is the text of a settlement agreement between the two potential litigants. Additionally, the Court finds that the request for the subject documents is neither overly burdensome nor overly obtrusive. Accordingly, Masters's Motion to Quash [85] is denied.

Doe has also filed a Motion to Quash [89] Defendants' subpoena to Masters. Defendants have filed a Motion to Strike [93] Doe's motion, contending that it was filed untimely. The Court held a telephonic discovery conference regarding this dispute on May 17, 2019, during which

Doe's counsel advised Defendants that they would be filing a motion to quash. [93] at 2. Doe filed his motion two and a half weeks later. Although a party must usually file a motion to quash prior to the subpoena's deadline to respond, the Court finds that under the present circumstances, Defendants' Motion to Strike [93] should be denied.

In addition to the arguments raised by Masters in his motion to quash, Doe contends that the documents sought are outside the scope of discovery. He argues that Defendants' subpoena requests documents that are irrelevant because they were created after the events described in the complaint. He also contends that the confidential nature of settlement discussions, and the confidentiality provision of the settlement agreement itself, preclude the documents' production.

Fed. R. Civ. P. 26 defines the scope of discovery. It states as follows:

(1) Scope in General. Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). The subpoena requests documents that are within the scope of discovery. Although they were created after the events described in the complaint, the documents relate to the underlying incident at issue in this case and whether Doe violated the university's policies. Specifically, they address, or relate to, Roe's allegation that Doe sexually assaulted her on or about December 2, 2016. The documents were created by agents of a party, Andrew Doe, and an

important witness in this litigation, Bethany Roe.[1] The documents are relevant, for the purposes of discovery, to both Doe's claims and Defendants' defenses.

Doe's suit concerns Defendants' investigation of Bethany Roe's claims. After the investigation, Doe entered into a settlement agreement with Roe concerning her allegations against him and resolving any civil claim she may have had. According to Defendants, "[t]he settlement agreement apparently contains a confidentiality clause and a non-disparagement clause preventing Roe from discussing her allegations." [97] at 1. In his rebuttal, Doe does not deny this. *See* [99]. If a contract binding Roe's comments or testimony about Doe and/or the incident exists, that information is relevant. "Although parties have the freedom to contract, courts must carefully police the circumstances under which legitimate areas of public concern are concealed. [Parties] should not be able to buy the silence of witnesses with a settlement agreement when the facts of one controversy are relevant to another.*" Mendoza v. Old Republic Ins. Co.*, No. 16-17743, 2017 WL 636069, at *5 (E.D. La. Feb. 16, 2017)(quoting *Kiln Underwriting LTD v. Jesuit High School of New Orleans*, No. 06-4350, 2008 WL 4190991, at *7-8 (E.D. La. Aug. 27, 2008)(alterations in original)).

"[D]iscovery of confidential settlement agreements is generally available under an appropriate protective order." *St. Bernard Par. v. Lafarge N. Am., Inc.*, 914 F.3d 969, 975 (5th Cir. 2019)(citing *Cleveland Const. Inc. v. Whitehouse Hotel Ltd. P'ship*, Civil Action No. 01-2666, 2004 WL 385052, at *1–2 (E.D. La. Feb. 25, 2004)). "Moreover, other non-privileged emails and other documents connected to a settlement agreement may also be discoverable." *Mendoza*, 2017 WL 636069, at *5 (citing *AMA Discount, Inc. v. Seneca Specialty Insurance Co.*, No. 15-2845,

---

[1] Doe's Amended Complaint mentions Roe more than 100 times. *See* [9]. Not only does the Amended Complaint address the December 2016 sexual encounter between Doe and Roe in detail, but it also describes Roe's participation in the University's investigation and administrative hearing process that is the subject of Doe's claims.

4

2016 WL 3186493 at *2 (E.D. La. June 8, 2016); *Collins v. Coastline Constr. Inc.*, No. 92-16, 1992 WL 125328, at *3 (E.D. La. May 25, 1992)).

Doe's Motion to Quash [89] is denied. The documents requested by the subpoena are within the scope of discovery and are not privileged. The Court, therefore, finds that the settlement agreement should be produced to Defendants, as should the communications between Masters and Doe's attorney. However, in order to limit disclosure of the settlement agreement and correspondence only to necessary parties, the Court orders that they be produced subject to the Agreed Protective Order [101] already in place. As provided in Paragraph 1 of the Agreed Protective Order, the documents produced by Masters should be stamped as "Confidential," and the use and disclosure of all documents so stamped will be subject to the terms and provisions of the Agreed Protective Order. *See* [101].

The Court sets a deadline of September 27, 2019, for Masters to produce the documents requested in the subpoena in a manner consistent with the terms of this Order.

SO ORDERED, this the 19th day of September, 2019.

      /s/ F. Keith Ball                
      UNITED STATES MAGISTRATE JUDGE