IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**ANDREW DOE**                                                                                 **PLAINTIFF**

**V.**                                              **CIVIL ACTION NO. 3:18-CV-138-DPJ-FKB**

**UNIVERSITY OF MISSISSIPPI**                                        **DEFENDANT**

**REBUTTAL IN SUPPORT OF DEFENDANT'S MOTION TO EXCLUDE
PROPOSED EXPERT TESTIMONY OF MERRIDA COXWELL**

In response to Defendants' Motion to Exclude Doe's designated legal expert, Merrida Coxwell, Doe spends 13 pages characterizing what his expert can be expected to say, all without once quoting Coxwell's expert report. Doe assures the Court that Coxwell is not being offered to provide legal or factual conclusions, but Coxwell's own words show otherwise. Coxwell intends to decide the law and the facts in this case, but his proposed testimony would be unhelpful to a jury even if he limited his opinions to explaining "the practical and pragmatic importance of the legal protections which were denied to Andrew Doe." His proposed testimony is inappropriate and inadmissible, and he should be precluded from testifying.

*1. Coxwell intends to draw factual and legal conclusions.*

According to Doe, "Mr. Coxwell does not purport to render opinions on the law itself, or on what the law should be, but instead clarifies for the jury (as laypersons) the practical and pragmatic importance of the legal protections which were denied to Andrew Doe, and which the jury may not otherwise understand and appreciate." Pl.'s Resp. p. 2 [Doce 192]. Doe claims that Coxwell's testimony will be helpful to the jury because he can explain "the role due process plays, generally, in our legal system and the role cross-examination plays when an individual is facing

the potential denial of life, liberty or property." *Id*. He also, Doe states, "provides pivotal insight into the importance of an individual's ability to confront an accuser relates [sic] to the assurance of due process to an accused and to discuss the application of those issues to the investigation of Andrew Doe by the University of Mississippi and the disciplinary proceedings he was involved in." *Id*.

Doe's reconstruction of Coxwell's putative testimony, however, is at odds with his expert's own description. Contrary to Doe's interpretive gloss, Coxwell's report is chock-full of both legal and factual conclusions. His final paragraph speaks for itself:



*See* Ex. 2 to Def.'s Mtn. to Exclude (Coxwell Report), at p. 10 [Doc. 182-1]. Though glaring, and particularly at odds with Doe's contention that Coxwell does not seek to "decide contested issues of fact or provide legal conclusions," the above statement is just the tip of the iceberg in terms of Coxwell's inappropriate conclusions.

Throughout his report, Cowell offers other conclusory opinions regarding a broad range of legal issues such as: 1) ███████████████████████████████████████████████ ███████████████████████████████████, 2) ███████████████████████████████ ███████████████████████████████, 3) ███████████████████████████████

2



[redacted] 4) [redacted] 5) the "[redacted]" 6) the necessity of the right of confrontation to avoid a "[redacted]," 7) which procedural protections are "[redacted]," 8) which procedural protections are "[redacted]," and 9) his opinion that without "[redacted]" *See* Ex. 2 to Def.'s Mtn. to Exclude (Coxwell Report), at pp. 1-6, 9 [Doc. 182-1]. Contrary to Doe's arguments, these statements do "render opinions on the law itself," and go far beyond explaining the practical importance of certain procedural protections.

Coxwell likewise decides fact issues, and offers a host of conclusory fact determinations such as: 1) [redacted]," 2) Roe "[redacted]," 3) which statements "[redacted]," 4) whether it would be "[redacted]," 5) whether Roe's friends "[redacted]," 6) whether the University Judicial Council should have been provided "[redacted]" 7) whether there were "[redacted]" and 8) what [redacted]. *See* Ex. 2 to Def.'s Mtn. to Exclude (Coxwell Report), at pp. 6-9 [Doc. 182-1]. Doe defends Coxwell's fact-finding by asserting his fact conclusions are "supported by the evidentiary record," but Doe misses

the point of Defendant's argument. Coxwell should not be deciding the facts of this case, a task reserved for the jury, regardless of whether he can cite evidence to support his interpretation of the facts.

Accordingly, while Doe now shies away from Coxwell's actual expressed opinions, Coxwell's report makes it clear that he intends to go well beyond providing opinions that "are deeply relevant to understanding and applying a legal standard such as due process and its component procedural elements such as cross-examination." Instead, Coxwell intends to decide the law for the Court and the facts for the jury. Coxwell's proposed testimony is inappropriate and inadmissible.

### *2. Coxwell's testimony is unhelpful regardless of its purpose.*

Even if the Court took Doe's word for it regarding the nature of Coxwell's intended testimony and decided to allow Coxwell to testify regarding the broader context of certain procedural protections without the accompanying legal and factual conclusions, Coxwell's testimony would still be inadmissible because it would not be helpful to the jury. Doe's response, after all, fails to identify an issue at dispute in this case that Coxwell's proposed testimony will help the jury decide.

Unlike the deliberate indifference cases Doe cites, the jury in this case will not be called upon to decide whether the Defendants negligently or intentionally or recklessly violated Doe's constitutional rights. *See* Pl.'s Resp. p. 5 [Doc. 192] (citing *Norfleet v. Webster*, 439 F.3d 392, 396 (7th Cir. 2006)). And as argued in Defendants' Motion for Summary Judgment, a Title IX deliberate indifference claim has nothing to do with whether Defendants were deliberately indifferent to what Doe deems as necessary policy changes, but instead turns on whether they were

deliberately indifferent to sexual harassment inflicted on Doe by a third party, which is not an issue in this case. Nor will the jury be asked to decide whether the University procedures were "reasonable," as in the probable cause case that Doe cites. *Id.* (citing Jiminez v. City of Chicago, 732 F.3d 710, 721 (7th Cir. 2013).

And while Doe also claims that Coxwell's opinions "are deeply relevant to *understanding and applying* a legal standard such as due process," the jury will not need to understand or apply the due process clause. This Court, of course, will decide as a matter of law what procedural safeguards were required in this case, and it is unclear how or why the jury will need any additional explanation from Coxwell regarding that same issue. *See*, e.g., *Stauch v. City of Columbia Heights*, 212 F.3d 425, 431 (8th Cir. 2000) ("Although, the question of whether the procedural safeguards provided for in the Code are adequate to satisfy due process is a question of law for the court to determine, whether the City indeed provided [plaintiff] with such procedure is a question of fact for the jury."). Likewise, the "practical and pragmatic importance of the legal protections which were denied to Andrew Doe" is completely immaterial to the jury's determination of the facts in this case, regardless of whether this Court decides that such procedural protections were or were not required by the Due Process clause.

Accordingly, Coxwell's proposed testimony regarding the history of the Due Process clause and the practical value of certain procedural protections is useless to the jury, even if unaccompanied by his legal and factual conclusions. Coxwell's testimony will not help the trier of fact understand the evidence or determine a fact in issue, and he should be precluded from testifying.

*3. Conclusion*

Doe's response fails to accurately track his expert's actual opinions, and then fails to articulate how such testimony could help the jury decide an issue actually before it. Coxwell's own words are the best indicator of what he intends to say and reveal that the purpose of his testimony is to decide the law and the facts for the Court and jury, respectively. Even if he could abstain from providing such legal and factual conclusions, however, Coxwell's testimony would still be useless to the jury. Coxwell should not be allowed to testify.

THIS, the 15th day of July, 2020.

Respectfully submitted,

**STATE OF MISSISSIPPI; THE UNIVERSITY OF MISSISSIPPI; STATE INSTITUTIONS OF HIGHER LEARNING ("IHL"); THE BOARD OF TRUSTEES OF STATE INSTITUTIONS OF HIGHER LEARNING; C.D. SMITH, JR.; SHANE HOOPER; TOM DUFF; DR. FORD DYE; ANN H. LAMAR; DR. ALFRED E. MCNAIR, JR.; CHIP MORGAN; HAL PARKER; ALAN W. PERRY; CHRISTY PICKERING; DR. DOUG ROUSE; DR. J. WALT STARR; GLENN F. BOYCE; JEFFREY S. VITTER**

*/s/ J. Andrew Mauldin*
J. CAL MAYO, JR. (MB NO. 8492)
PAUL B. WATKINS, JR. (MB NO. 102348)
J. ANDREW MAULDIN (MB NO. 104227)
ATTORNEYS FOR DEFENDANTS

OF COUNSEL:
MAYO MALLETTE PLLC
5 University Office Park
2094 Old Taylor Road
Post Office Box 1456
Oxford, Mississippi 38655
Tel: (662) 236-0055
cmayo@mayomallette.com

pwatkins@mayomallette.com
dmauldin@mayomallette.com

7