IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**ANDREW DOE**                                                                                        **PLAINTIFF**

V.                                                              **CIVIL ACTION NO: 3:18cv138 DPJ -FKB**

**STATE OF MISSISSIPPI, ET. AL.**                                                         **DEFENDANTS**

<u>**SUPPLEMENTAL MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON ALL LIABILITY ISSUES AND ALL CLAIMS FOR DECLARATORY AND INJUNCTIVE RELIEF**</u>

Plaintiff Andrew Doe submits this Supplemental Memorandum of Authorities in Support of his Motion for Partial Summary Judgment on the issue of Defendants' liability, pursuant to Fed. R. Civ. P. 56, and for declaratory and injunctive relief pursuant to Fed. R. Civ. P. 57 and 65. Specifically, Doe seeks a determination of liability, declaratory and injunctive relief against the Defendants for gender-based discrimination in violation of Title IX of the Education Amendments of 1972, 20 U.S.C. §§ 1681, *et seq.*, and for violations of the due process and equal protection clauses of the Fourteenth Amendment to the U.S. Constitution brought pursuant to 42 U.S.C. § 1983. To the extent that these claims have survived the Defendants' motions to dismiss, all claims asserted by Plaintiff remain legally viable within the Fifth Circuit, and certain claims have received enhanced precedential support subsequent to the final briefing in February 2021. Doe reserves for jury or subsequent judicial determination the issues of damages, monetary relief and attorney's fees to remedy emotional, mental, and economic harms he has suffered.

<u>Plaintiff's Title IX Claims</u>

Subsequent to the final briefing in this matter in February, 2021, there appear to have been fewer than ten published opinions either within or by the Fifth Circuit Court of Appeals, or by the

1

United States Supreme Court which address the application of Title IX and education.[1]  Of these decisions, the Fifth Circuit's most recent decision in *Doe v. William Marshall Rice University*, 67 F.4th 702 (5th Cir. May 11, 2023) has the most significant probative value to Plaintiff Doe's Title IX claims against the University.

In *Doe v. William Marshall Rice University*, 67 F.4th 702 (5th Cir. May 11, 2023), the Fifth Circuit was presented with an appeal from a grant of summary judgment against Doe on the merits of Doe's Title IX claims and his claim for breach of contract. On appeal, the Fifth Circuit reversed the grant of summary judgment on the Title IX claims, finding that the district court erred in granting summary judgment in favor of the University on grounds that the record clearly indicates that material fact issues existed *inter alia* with regard to Doe's Title IX "erroneous outcome" and "selective enforcement" theories of liability against the University. In its reversal of the grant of summary judgment on the erroneous outcome Title IX claim, the Fifth Circuit noted that "[a]t bottom, each demonstrates that a reasonable jury—presented with the evidence in this record—could conclude that sex was a motivating factor in Rice's decision to discipline Doe." *Id.*[2]

In addressing the erroneous outcome theory of Title IX liability in *Rice*, the Fifth Circuit noted that there were (1) shortcomings in the investigation by the University, (2) inconsistencies in the statements of Roe, the female student, and (3) that the female student was effectively immunized

---

[1] Other courts have entertained these issues, but due to page constraints and pursuant to the Court's instructions, only Fifth Circuit precedent is discussed herein. See, e.g., *Doe v. Texas Christian Univ.*, No. 4:22-CV-00297-O, 2022 WL 17631668 (N.D. Tex. Dec. 13, 2022); *Unknown Party v. Arizona Bd. of Regents*, No. CV-18-01623-PHX-DWL, 2022 WL 3841065 (D. Ariz. Aug. 30, 2022) *Doe v. Dordt Univ.*, No. 19-CV-4082 CJW-KEM, 2022 WL 2833987 (N.D. Iowa July 20, 2022) *Doe v. Washington & Lee Univ.*, No. 6:19-CV-00023, 2021 WL 1520001 (W.D. Va. Apr. 17, 2021)

[2] The Fifth Circuit noted that the standards for applying the approach to summary judgment in such Title IX claims was recently explained *Doe v. Univ. of Denver*, 1 F.4th 822, 830 (10th Cir. 2021). This approach is stated as "[T]he operative question for summary judgment [is whether] a reasonable jury—presented with the facts alleged—[could] find that sex was a motivating factor in the University's disciplinary decision."

for engaging in what was essentially the same conduct which resulted in discipline to Doe, the male student.  In sum, the Fifth Circuit thus opined that, "A rational juror could also find the variance between Roe's allegations and the conduct for which Doe was ultimately sanctioned to be explainable by the fact that Roe's allegations fell apart under scrutiny. A factfinder would not be unreasonable to conclude, as the Ninth Circuit speculated in *Doe v. Regents of University of California*, that 'when confronted by a claim that lacked merit, the University rushed to judgment' by suspending Doe, 'and then sought out a way to find the accused responsible for something in order to justify its earlier actions.' " *Rice*, 67 F.4th 702, 711, *citing Regents of Univ. of Cal.*, 23 F.4th 930, 939 n.12 (9th Cir. 2022). The same concerns facing the Fifth Circuit in *Rice,* and many others even more egregious in nature, are found in the evidentiary record here and are outlined in the principal briefing by this Plaintiff.  Here, as noted by the Fifth Circuit in *Rice*, "[A]t some point an accumulation of procedural irregularities all disfavoring a male respondent begins to look like a biased proceeding." *Id.*, *citing Regents of Univ. of Cal.,* at 941.

In the context of Doe's Title IX selective enforcement claim, the Fifth Circuit recited that "Construing the evidence in a light most favorable to Doe, the nonmovant, we agree that a material fact question exists as to whether the University selectively enforced its policies against him by refusing to treat Roe and Doe equally when Doe alleged—in response to Roe's allegations—that she was guilty of the same conduct of which he was charged: failure to disclose the risk of STD transmission." *Rice,* at 712. Here the same may be said of Andrew Doe and Bethany Roe. The University was fully advised that both Bethany Roe and Andrew Doe had engaged in the same conduct – having intercourse following the consumption of alcohol.  Yet, only the male student was subjected to discipline – a precept so fundamentally reflective of selective enforcement in potential violation of Title IX that the Fifth Circuit had no difficulty in reversing the grant of summary judgment in favor of the University.

It is also worthy of note that in a *per curiam* decision, *Van Overdam v. Texas A & M University*, 43 F.4th 522 (5th Cir. 2022), the Fifth Circuit clarified its stance on Title IX "selective enforcement" claims such as Doe has asserted. Van Overdam sued Texas A&M and several university administrators for sex discrimination under Title IX, basing his Title IX claim on two well-recognized theories of liability within the university disciplinary context: (1) erroneous outcome and (2) selective enforcement. *See Klocke v. Univ. of Tex. at Arlington*, 938 F.3d 204, 210 (5th Cir. 2019); *accord Yusuf v. Vassar Coll.*, 35 F.3d 709, 715 (2nd Cir. 1994). In ruling on Van Overdam's interlocutory appeal under 28 U.S.C. § 1292(b), the Fifth Circuit for the first time adopted the selective enforcement framework recently pronounced in *Doe v. Purdue University*, 928 F.3d 652, 667 (7th Cir. 2019),[3] thereby providing enhanced viability to Doe's selective enforcement claim under Title IX.

It remains well-settled that Title IX bars the imposition of university discipline where gender is a motivating factor in the decision to discipline. *Yusuf v. Vassar Coll.*, 35 F.3d 709, 715 (2d Cir. 1994) Doe has established that gender was a motivating factor in the University's process and decision. Like many other cases in which an inference of discrimination has been found, Doe's case

---

[3] As noted by the Fifth Circuit, "Many of our sister circuits have made the same observation—including in *Purdue* itself. *See* 928 F.3d at 667–68. *See also Sheppard v. Visitors of Virginia State Univ.*, 993 F.3d 230, 236 (4th Cir. 2021) ("In adopting [*Purdue*'s] approach, however, we find no inherent problems with the erroneous outcome and selective enforcement theories identified in *Yusuf*. In fact, either theory, with sufficient facts, may suffice to state a plausible claim. We merely emphasize that the text of Title IX prohibits all discrimination on the basis of sex."); *Doe v. Univ. of Denver*, 1 F.4th 822, 830 (10th Cir. 2021) ("We think [*Purdue*'s] approach better accords with the text and analytical framework of Title IX. But we recognize that evidence of an erroneous outcome or selective enforcement are means by which a plaintiff might show that sex was a motivating factor in a university's disciplinary decision."); *Doe v. Univ. of Scis.*, 961 F.3d 203, 209 (3rd Cir. 2020) (explaining that the court's adoption of *Purdue* does not alter the fact that "parties are free to characterize their claims however they wish"). *Purdue* is surely correct that we are governed by the standard set forth in the text of Title IX—prohibiting discrimination on the basis of sex. *Yusuf* is likewise correct that there are different fact patterns that could very well state a claim of sex discrimination under Title IX."

involves clear indications that the investigators and decision-makers were biased against males in favor of females. Doe's legal and factual claims are supported by the evidentiary record, and summary judgment in his favor is appropriate.[4]

### Plaintiff's Due Process Claims

Subsequent to the final summary judgment briefing in this matter, the Fifth Circuit also addressed some of the due process concerns raised in this instant matter. In a *per curiam* decision, *Van Overdam v. Texas A & M University*, 43 F.4th 522 (5th Cir. 2022), Van Overdam alleged a deprivation of constitutional due process under 42 U.S.C. § 1983. Put simply, Van Overdam alleged that the University erroneously found him responsible and selectively enforced its sexual assault policies against him because of his gender. As for Van Overdam's constitutional claim, he argued that the University's refusal to permit his attorney to directly cross-examine Shaw violated his right to due process. In *Van Overdam*, the Fifth Circuit reiterated its approval of *Walsh v. Hodge*, in which the Fifth Circuit analyzed "The Right to Confront One's Accuser in a University Proceeding." 975 F.3d 475, 483 (5th Cir. 2020), *cert. denied*, 141 S. Ct. 1693 (2021). There, the Fifth Circuit found that a university had violated a professor's due process rights by adjudicating sexual harassment allegations against him without hearing live testimony from the accusing student. *Id.* at 484–85. Instead, the accused professor only received "snippets of quotes" with no "opportunity to test [his accuser's] credibility." *Id.* at 485. In *Walsh*, we observed that a university could have *avoided* a due process violation by doing precisely what Texas A&M did here: "the Committee or its representative should have directly questioned [the accusing student], after which Walsh should have been permitted to submit questions to the Committee to propound to [her]." *Id.* "In this respect, we agree

---

[4] At a minimum, if this Court finds that it cannot grant Doe's motion for summary judgment on Doe's Title IX and/or due process claims through a stringent application of Rule 56 principles, the appropriate relief would be a trial by jury on the merits, at a minimum, on Plaintiff's erroneous outcome and selective enforcement, and due process, claims.

with the position taken by the First Circuit 'that due process in the university disciplinary setting requires some opportunity for real-time cross-examination, even if only through a hearing panel.'" *Id.* As such, it appears that the Fifth Circuit maintains the fundamental precept that due process requires the opportunity for real time cross-examination of the accuser – a right which was not afforded Andrew Doe in the matter before this Court.

Additionally, in *Rice*, the Fifth Circuit expressed supplemental ways in which an accused male student's treatment would be constitutionally deficient with regard to a denial of due process. As noted by the Fifth Circuit:

> Consistent with Doe's overarching claims of gender bias against him by the University, our review of the record identifies multiple instances where the University's due process procedures were deficient in terms of its treatment of Doe. ... Doe's lawyer was not allowed to participate in the process or view any documents in the disciplinary file in order to counsel Doe. Instead, Doe was assigned a Title IX "resource navigator" who also met with Roe and a police officer to take Roe's statement, indicating a potential conflict of interest. Further, Doe raised credibility issues about Roe, but the University disregarded these credibility concerns, dismissing them as "irrelevant," or otherwise declined to investigate them.

*Rice* at 708. The Court also found problematic the fact that the female student had engaged in the same conduct of which Doe was accused and disciplined (intercourse without disclosed of herpes infection) yet the University did nothing adverse to Roe, the female student. In *Rice*, as the Fifth Circuit thus expressed in its recitation of due process concerns, that "We further conclude that a rational jury could find that Rice's one-sided procedures resulted from anti-male bias." *Id.* The factual record in this matter at bar supports that Doe's complaints about the credibility and inconsistent statements of Roe were effectively ignored. The Title IX coordinator's actions and positions were replete with conflicts of interest, and numerous points of exculpatory evidence went uninvestigated or ignored. While Bethany Roe engaged in the same conduct of which Andrew Doe was accused, the University took no adverse action against her. The violation of Andrew Doe's due process rights could not be more self-evident.

6

RESPECTFULLY SUBMITTED, this, the 1st day of June, 2023.

        **ANDREW DOE,**
        Plaintiff


        BY: /s/*J. Lawson Hester*
        MS Bar No. 2394
        SUMRELL SUGG, P.A.
        Email: lhester@nclawyers.com
        Post Office Drawer 889
        New Bern, NC  28563
        Telephone: (252) 633-3131
        Facsimile: (252) 633-3507


        BY: */s/ Michelle T. High*
        Michelle T. High
        MS Bar No. 100663
        WEISBROD MATTEIS & COPLEY PLLC
        Email: mhigh@wmclaw.com
        1022 Highland Colony Parkway
        Suite 203
        Ridgeland, Mississippi 39157
        Telephone: 601.803.5002