IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**ANDREW DOE**                                                                                       **PLAINTIFF**

**V.**                                                             **CIVIL ACTION NO. 3:18-CV-138-DPJ-FKB**

**STATE OF MISSISSIPPI; THE UNIVERSITY OF
MISSISSIPPI; STATE INSTITUTIONS OF HIGHER
LEARNING ("IHL"), ET AL.**                                                                **DEFENDANTS**

## DEFENDANTS' SUPPLEMENTAL BRIEF IN SUPPORT OF THEIR
## MOTION FOR SUMMARY JUDGMENT

Since the filing of Defendants' Motion for Summary Judgment [Doc. 166], the Fifth Circuit has issued two opinions directly pertinent to Plaintiff Andrew Doe's claims. One decision underscores the insufficiency in Doe's Title IX claims, and both address the qualified right of cross-examination in disciplinary or administrative hearings. Neither opinion squarely addresses the circumstances presented here, however, where the respondent student refused to participate in the university's investigation and would have been allowed indirect cross-examination but for the complainant student's decision not to appear at the disciplinary hearing. As asserted in Defendants' initial Motion for Summary Judgment and related briefing, the Court should grant summary judgment in favor of Defendants.

In *Walsh v. Hodge*, a medical school professor was terminated after a student asserted a sexual harassment complaint against the professor. 975 F.3d 475, 478 (5th Cir. 2020). The university hired an attorney to investigate the complaint, who then conducted interviews of various parties, including the complaining student, and prepared a report that summarized her investigation and recommended termination. *Id*. at 479. The professor was ultimately provided a hearing before a panel but was not allowed to be represented by counsel and was not allowed to directly cross-examine the complaining student. *Id*. The hearing committee found that the

professor's conduct violated university policy and recommended his termination. *Id*. at 480. Following the district court's denial of qualified immunity as to the professor's procedural due process claims, the university defendants appealed to the Fifth Circuit. *Id*.

On appeal, the Fifth Circuit reversed the district court's denial of qualified immunity and entered judgment in favor of defendants. *Id*. at 482. The court emphasized that "bias by an adjudicator is not lightly established," and held that a plaintiff was required to overcome the strong presumptions of "honesty and integrity of the adjudicators" and that "those making decisions affecting the public are doing so in the public interest" before establishing bias for purposes of a due process claim. *Id*. Because the professor's claims of bias in his hearing panel were based on no more than "speculation and tenuous inferences," the court rejected his assertion that the panel's "bias" against him deprived him of due process. *Id*. at 483.

In determining whether the professor was entitled to cross-examine his accuser, the court noted that the nature of any given hearing should vary depending on the particular circumstances and applied an individualized *Mathews* analysis. *Id*. Based on the particularized facts, the court found both the university's and the professor's respective interests compelling but determined that the university's substitute to cross-examination was "too filtered" to allow the professor to test the testimony of his accuser. *Id*. at 485. The court concluded that where credibility was critical to the determination, the sanction imposed would result in the loss of employment, and the complainant was a graduate student presumably in her mid-twenties, subjecting her "to additional questions from the Committee would not have been so unreasonable a burden as to deter her and other similar victims of sexual harassment from coming forward." *Id*.

The Fifth Circuit again addressed the issue of cross-examination in *Van Overdam v. Texas A&M University*, where one student filed a complaint against another for sexual abuse,

inappropriate sexual contact, and dating violence in violation of the university's policies. 43 F.4th 522, 525 (5th Cir. 2022). Both students appeared at the hearing in person, the respondent was accompanied by an attorney, and, although the complainant directly presented her allegations, neither the respondent nor his attorney were allowed to directly cross-examine her. *Id*. Relying on *Walsh*, the court rejected the plaintiffs' request for direct cross-examination, and echoed the First Circuit's earlier opinion that there is "no reason to believe that questioning by a neutral party is so fundamentally flawed as to create a categorically unacceptable risk of erroneous deprivation." *Id*. at 529 (quoting *Walsh v. Hodge*, 975 F.3d 475, 483 (5th Cir. 2020); *Haidak v. Univ. of Mass-Amherst*, 933 F.3d 56, 74 (1st Cir. 2019). Because the plaintiff received advance notice of the complainant's allegations, was permitted to call witnesses and to submit relevant evidence, was represented by counsel, had the opportunity of listening to the complainant's allegations directly, and had an opportunity to submit questions to the disciplinary panel, the court rejected his due process claim. *Id*. at 530.

Here, as in *Van Overdam*, the University's policies allowed Doe to submit questions posed to any witness at the disciplinary hearing. Doe did not have an opportunity to submit questions to Roe only because she failed to appear at the hearing. The probative value of any such cross-examination here would have been particularly limited, however, because the allegations did not turn on a credibility contest, as in *Van Overdam* and *Walsh*. As argued in Defendants' initial brief, the burdens on the University of a rigid, black-letter rule requiring cross-examination would outweigh the benefit to Doe based on the current circumstances. Based on an individualized *Mathews* application, the University did not violate Doe's procedural due process rights.

The Fifth Circuit also addressed the Title IX *Yusuf* framework in *Van Overdam*,

3

determining that no meaningful tension exists between the four-theory Title IX framework advanced by the Second Circuit in *Yusuf* and the Seventh Circuit's more recent distillation of the inquiry to whether the facts established by a plaintiff "raise a plausible inference that the university discriminated against the plaintiff on the basis of sex." *Id*. at 527 (cleaned up). The court held the plaintiffs' claims that (i) the university's findings against him were internally inconsistent, (ii) the university failed to require any attorney to accompany the complainant, and (iii) the university's exclusion of evidence related to the complainant's prior sexual history and mental health failed to raise a plausible inference of sex discrimination. *Id*. at 528.[1]

As argued in Defendants' original briefing, Doe's record proof fails to establish a genuine dispute of material fact as to Doe's Title IX claim whether analyzed through the *Yusuf* framework or the statutory text of Title IX. Doe has failed to point to proof sufficient to support his Title IX claim, and the Court should enter summary judgment in favor of Defendants.

                                                      Respectfully submitted,

**STATE OF MISSISSIPPI; THE UNIVERSITY OF MISSISSIPPI; STATE INSTITUTIONS OF HIGHER LEARNING ("IHL"); THE BOARD OF TRUSTEES OF STATE INSTITUTIONS OF HIGHER LEARNING; C.D. SMITH, JR.; SHANE HOOPER; TOM DUFF; DR. FORD DYE; ANN H. LAMAR; DR. ALFRED E. MCNAIR, JR.; CHIP MORGAN; HAL PARKER; ALAN W. PERRY; CHRISTY PICKERING; DR. DOUG ROUSE; DR. J. WALT STARR; GLENN F. BOYCE; JEFFREY S. VITTER**

*/s/ J. Andrew Mauldin*
J. CAL MAYO, JR. (MB NO. 8492)
PAUL B. WATKINS, JR. (MB NO. 102348)

---

[1] The court in *Van Overdam* also rejected the argument that it lacked jurisdiction over the plaintiff's claims merely because the plaintiff had graduated. *Id*. at 529. Defendants' arguments regarding Doe's lack of standing here, however, are based on his own admission that he does not seek to attend any other university, that there is no record proof that the finding of responsibility is referenced on his transcript or any other document the University might disclose to a third-party, or that the finding has hindered his ability to apply to another school or for a job. *See* Defs' Mem. Brf. pp. 14-16 [Doc. 167].

4

                                                J. ANDREW MAULDIN (MB NO. 104227)
                                                ATTORNEYS FOR DEFENDANTS

OF COUNSEL:

MAYO MALLETTE PLLC
2094 Old Taylor Road, Suite 200
Oxford, Mississippi 38655
Telephone: (662) 236-0055
Facsimile: (662) 236-0035
*cmayo@mayomallette.com*
*pwatkins@mayomallette.com*
*dmauldin@mayomallette.com*