IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**ANDREW DOE**                                                                      **PLAINTIFF**

**V.**                                       **CIVIL ACTION NO. 3:18-CV-138-DPJ-FKB**

**STATE OF MISSISSIPPI; THE UNIVERSITY OF
MISSISSIPPI; STATE INSTITUTIONS OF HIGHER
LEARNING ("IHL"), ET AL.**                           **DEFENDANTS**

### DEFENDANTS' SUPPLEMENTAL BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

In supplemental support of his motion for summary judgment, Doe primarily relies upon the Fifth Circuit's recent decision in *Doe v. William Marsh Rice University*, claiming it has "significant probative value" to his own Title IX claims. The circumstances in that case, however, are a far-cry from the facts at issue in in this case and the opinion does little to support his arguments. More fundamentally, the Fifth Circuit's finding of a genuine dispute of material fact under the circumstances in that case further underscores the weakness in Doe's contention that the Court should decide in his favor as a matter of law.

Unlike the facts here, *Rice* involved two students who indisputably engaged in multiple consensual sexual encounters, where the female student later claimed the male student knowingly or recklessly infected her with herpes. *Doe v. William Marsh Rice University*, 2023 U.S. App. LEXIS 11606, *2 (5th Cir. 2023).The male student was initially accused of failing to inform the female student of his herpes diagnosis; the university ultimately found that he had informed her of his diagnosis but "sanctioned him anyway for failing to go further by informing [the female student] of the risks of having sex with a herpes carrier, despite the fact that no such appear[ed] in Rice's student code." *Id*. at *10.

The male student argued that the female student might have contracted herpes from one

of her other sexual partners prior to beginning her relationship with him, and that she had also had sex with other partners without disclosing her herpes diagnosis. *Id*. at *10-11. The female student expressly informed the university of her intent not to tell future sex partners of the diagnosis, but a university official testified that the university "would not require [the female student] to disclose to her sexual partners that she had herpes as the University was holding Doe liable for failing to do." *Id*. at *18.

Based on those facts, the Fifth Circuit found a genuine dispute of material fact as to the plaintiff's Title IX claim, whether considered under an erroneous outcome, selective enforcement, or archaic assumptions theory. *Id*. at *25. Specifically, the court found that the record supported the male student's contention that he informed the female of "his history with herpes before the two had sex and that she may have had herpes already." *Id*. at *16. The court further observed that based on the male student's allegations, the female student "was guilty of the same conduct of which he was charged: fail[ing] to disclose the risk of STD transmission." *Id*. at *22. Finally, the court also found that if a jury agreed the university's policy "arose from the view that a more-knowledge male (Doe) had a duty to educate an unwitting female (Roe) about the precise risks of herpes transmission," the male student's allegations could also support a claim under an archaic assumptions theory. *Id*. at *24.

As addressed in Defendants' initial briefing, however, Doe's arguments are not supported by record proof establishing sex discrimination. Contrary to the case-specific deficiencies pointed out by the plaintiff in *Rice* (which created only a dispute of fact as to the plaintiff's Title IX claim), Doe raises a laundry list of generic grievances related to his disciplinary proceedings that are insufficient to support his Title IX claim. Moreover, while he attempts to argue that Doe and Roe engaged in the same conduct—"having intercourse following the consumption of

alcohol"—Doe has consistently maintained that both he and Roe had the capacity to consent to sex. *See*, e.g., *Van Overdam v. Tex. A&M Univ.*, 43 F. 4th 522, 528 (5th Cir. 2022) (rejecting claim of disparate treatment where different treatment arose from the fact that "Shaw was not accused of violating the University's policies—only Van Overdam was."). Doe's assertion that *Rice* supports his argument for summary judgment as to his Title IX claim is without merit.

Doe also claims, however, that *Rice* supports his constitutional due process arguments. As noted by Judge Graves in dissent, however, the plaintiff in *Rice* did not even assert a constitutional due process claim. *Id*. at *55. Notably, the university there was a private institution, and the plaintiff made no arguments that the university was "an arm of the state or governmental entity [that] must comply with constitutional due process." *Id*. at *55, n. 9. The plaintiff also failed to argue a due process violation in his summary judgment briefing before the district court or on appeal. *Id.* Accordingly, any discussion of due process requirements in *Rice* is at best dicta.

Moreover, while Doe passingly addresses the Fifth Circuit's holding in *Van Overdam v. Texas A&M University*, he fails to point out that in that case the court affirmed the dismissal of the plaintiff's Title IX and due process claims, which cuts against his claims here. 43 F. 4th 522, 529 (5th Cir. 2022). And as observed just last month by Judge Graves in *Rice*, the Fifth Circuit "has yet to recognize that in university disciplinary proceedings, the accused must be given the opportunity to question the accuser or other witnesses as part of their right to procedural due process." 2023 U.S. App. LEXIS 11606, *56 n. 9 (Graves, J., dissenting). Such a purported right is particularly misplaced when an accused student's own statements are sufficient to sustain a university's findings and sanctions, and where cross-examination of the complainant would have little impact on the proceedings. *Id*. at *57 n. 9.

Based on Defendants' original arguments in opposition to Plaintiffs' Motion for Summary Judgment [Doc. 196] and the Fifth Circuit's recent precedent, the Court should deny Plaintiff Andrew Doe's Motion for Partial Summary Judgment [Doc. 173].

THIS, the 15th day of June, 2023.

        Respectfully submitted,

        STATE OF MISSISSIPPI; THE UNIVERSITY OF MISSISSIPPI; STATE INSTITUTIONS OF HIGHER LEARNING ("IHL"); THE BOARD OF TRUSTEES OF STATE INSTITUTIONS OF HIGHER LEARNING; C.D. SMITH, JR.; SHANE HOOPER; TOM DUFF; DR. FORD DYE; ANN H. LAMAR; DR. ALFRED E. MCNAIR, JR.; CHIP MORGAN; HAL PARKER; ALAN W. PERRY; CHRISTY PICKERING; DR. DOUG ROUSE; DR. J. WALT STARR; GLENN F. BOYCE; JEFFREY S. VITTER

        */s/ J. Andrew Mauldin*
        J. CAL MAYO, JR. (MB NO. 8492)
        PAUL B. WATKINS, JR. (MB NO. 102348)
        J. ANDREW MAULDIN (MB NO. 104227)
        ATTORNEYS FOR DEFENDANTS

OF COUNSEL:

MAYO MALLETTE PLLC
2094 Old Taylor Road, Suite 200
Oxford, Mississippi 38655
Telephone: (662) 236-0055
Facsimile: (662) 236-0035
*cmayo@mayomallette.com*
*pwatkins@mayomallette.com*
*dmauldin@mayomallette.com*