IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**ANDREW DOE**                                                                                                **PLAINTIFF**

**V.**                                                                         **CIVIL ACTION NO: 3:18cv138 DPJ -FKB**

**STATE OF MISSISSIPPI, ET. AL.**                                                                  **DEFENDANTS**

### SUPPLEMENTAL REPLY MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Plaintiff Andrew Doe, by and through undersigned counsel, submits this reply in opposition to Defendants' Supplemental Response Memorandum in Support of Plaintiff's Motion for Summary Judgment.

Defendants' Supplemental Response Brief fails to meaningfully dispute the Plaintiff's well-placed reliance upon the legal significance of the Fifth Circuit's *Doe v. William Marsh Rice University*, U.S. App. LEXIS 11606, *2 (5th Cir. 2023) decision, and wholly ignores Plaintiff's arguments arising from *Walsh v. Hodge*, 975 F.3d 475, 478 (5th Cir. 2020). In so doing, the Defendants fail to recognize the significance that the Fifth Circuit agreed with the position taken by the First Circuit "that due process in the university disciplinary setting requires 'some opportunity for real-time cross-examination, even if only through a hearing panel.'" *Walsh v. Hodge,* 975 F.3d 475, 485, citing *Haidak v. Univ. of Mass.-Amherst*, 933 F.3d 56 (1st Cir. 2019)

In *Haidak,* with which the Fifth Circuit is now aligned, the First Circuit held, "[t]his is not to say that a university can fairly adjudicate a serious disciplinary charge without any mechanism for confronting the complaining witness and probing his or her account." *Haidak*, 933 F. 3d 56, 69. "When a school reserves to itself the right to examine the witnesses, it also assumes for itself the responsibility to conduct reasonably adequate questioning. A school cannot both tell the

1

student to forgo direct inquiry and then fail to reasonably probe the testimony tendered against that student." *Id*., at 70.  *Haidak* is also significant for its recognition of the significance of statistical evidence in the context of Title IX.  In *Haidak*, the First Circuit recognized that "... proper evidence of a statistical disparity may generate an inference of intentional discrimination." *Haidak , at* 75, discussing *Cohen v. Brown Univ*., 101 F.3d 155, 170-71 (1st Cir. 1996) ("Title IX, like other anti-discrimination schemes, permits an inference that a significant gender-based statistical disparity may indicate the existence of discrimination.").

The Defendants also ignore the only summary judgment decision from any of the district courts within the Fifth Circuit subsequent to the parties' prior briefing.  *Doe v. Tex. Christian Univ.*, 2022 U.S. Dist. LEXIS 224140, is a post-*Van Osterdam* decision which reinforces the Fifth Circuit's adoption of the *Purdue* standards.  In that case, the Court denied the University's motion for summary judgment on the male student's Title IX claim with meaningful discussion. As noted in *Texas Christian University*:

> In relevant part, Title IX provides that "[n]o person . . . shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance. 20 U.S.C. § 1681(a). Doe's Complaint alleges claims against TCU under two well-established theories of Title IX liability: "erroneous outcome" and "selective enforcement," both of which are common methods of demonstrating gender discrimination. *Yusuf v. Vassar College*, 35 F.3d 709 (2d Cir. 1994). However, Doe also asserts a claim under the recently adopted and more general *Purdue* standard. While Title IX claims have historically been brought under the former well-established theories [*5] of liability—which remain viable means of raising Title IX challenges—the Fifth Circuit recently confirmed that such claims need not fit precisely within those theoretical frameworks. *Overdam v. Texas A&M Univ.*, 43 F.4th 522, 527 (5th Cir. 2022). Rather, to bring a cognizable claim for violation of **Title IX**, Doe need only establish that "**the alleged facts, if true, raise a plausible inference that the university discriminated against [him] on the basis of sex**." *Id.* (emphasis in original).

2

*Doe v. Tex. Christian Univ.*, 2022 U.S. Dist. LEXIS 224140, *4-5.  The Court further found that Doe's combined evidence (numerous procedural irregularities and indication that gender may have influenced the panel decision) is sufficient to raise a plausible inference that TCU's decision was a result of his sex. *Doe v. Tex. Christian Univ.*, 2022 U.S. Dist. LEXIS 224140, *6  Among other factual issues analogous to the matter before this Court with Andrew's Doe's Title IX claims the parties in *Texas Christian University* disputed the import of evidence that may indicate potential gender bias such as the panel's irrational determinations, the myriad of procedural flaws, and statements by the University tending "to show the influence of gender" as a possible motivating factor in the panel's disciplinary decision. As such, the district court in *Texas Christian University* found that Doe's combined evidence (numerous procedural irregularities and indication that gender may have influenced the panel decision) was sufficient to raise a plausible inference that TCU's decision was a result of his sex.

    Andrew Doe has established both his Due Process and Title IX claims in accordance with the most recent precedent from the Fifth Circuit and the district courts within its jurisdiction. That Andrew Doe has established a clear due process violation as a matter of law, and a viable Title IX claim is clearly a determination in accordance with the governing precedent with thin the Fifth Circuit.

    RESPECTFULLY SUBMITTED, this the 23rd day of June, 2023.

                                          **ANDREW DOE, Plaintiff**

                                          BY: /s/*J. Lawson Hester*
                                          MS Bar No. 2394
                                          SUMRELL SUGG, P.A.
                                          Email: lhester@nclawyers.com
                                          Post Office Drawer 889
                                          New Bern, NC  28563
                                          Telephone:  (252) 633-3131
                                          Facsimile:   (252) 633-3507

BY: */s/ Michelle T. High*
Michelle T. High
MS Bar No. 100663
WEISBROD MATTEIS & COPLEY PLLC
mhigh@wmclaw.com
1022 Highland Colony Parkway
Suite 203
Ridgeland, Mississippi 39157
Telephone: 601.803.5002