**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

**ANDREW DOE**                                                                                              **PLAINTIFF**

**V.**                                                                    **CIVIL ACTION NO. 3:18-CV-138-DPJ-ASH**

**STATE OF MISSISSIPPI; THE UNIVERSITY OF
MISSISSIPPI; STATE INSTITUTIONS OF HIGHER
LEARNING ("IHL"), ET AL.**                                                                       **DEFENDANTS**

**DEFENDANTS' BRIEF IN SUPPORT OF THEIR
MOTION TO PRECLUDE PLAINTIFF'S USE
OF PSEUDONYM AT TRIAL**

This Court previously granted Plaintiff Andrew Doe's request to proceed under pseudonym. *See* Order [Doc. 7]. However, the Court must re-analyze that decision throughout the litigation. Courts have consistently recognized that the balance of considerations shifts toward the defendant as a case approaches trial, and Defendants now request that the Court preclude Doe's use of a pseudonym at trial due to the risk of prejudice and the public interest in this litigation.

**STANDARD OF LAW**

Federal Rule of Civil Procedure 10(a) requires pleadings to contain the names of all parties. *See also* FED. R. CIV. P. 17 (requiring all civil actions "be prosecuted in the name of the real party in interest"). "Underlying this rule is the principle in favor of public access to court proceedings." *Doe v. Gooding*, 2023 U.S. Dist. LEXIS 96345, *2 (S.D.N.Y. Jun. 2, 2023) (citing *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006)). While not expressly recognized by the Federal Rules, in certain circumstances a court can permit an individual to proceed under pseudonym if their "privacy interests substantially outweigh the presumption of open judicial proceedings." *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004). Proceeding under

pseudonym is the rare exception, and the court should allow it only "in exceptional cases where the party has a privacy right so substantial as to outweigh the 'customary and constitutionally-embedded presumption of openness in judicial proceedings." *Doe v. Trs. Of Ind. Univ.*, 5778 F. Supp. 3d 896, 901 (S.D. Ind. Jan. 3, 2022) (quoting *Doe v. Indiana Black Expo*, 923 F. Supp. 137, 139 (S.D. Ind. 1996)).

A court has discretion when deciding if a plaintiff may proceed pseudonymously, with the court having "an independent duty to determine whether exceptional circumstances justify such a departure from the normal method of proceeding in federal courts." *Id*. (quoting *Doe v. Blue Cross & Blue Shield United*, 112 F.3d 869, 872 (7th Cir. 1997)). Even where allowed for part of the proceedings, the analysis may change at different stages of the litigation and "a different balance of interests comes into play at the trial phase when the jury will have to resolve critical issues of credibility."). *Doe v. Neverson*, 820 F. App'x 984, 987 (11th Cir. 2020) (construing *Lawson v. Rubin*, 2019 U.S. Dist. LEXIS 181192, *2 (E.D.N.Y. Oct. 18, 2019)). Therefore, a court should revisit periodically during the litigation an earlier ruling on a motion to proceed under pseudonym. *Id*., n. 1; *see also Does I thru XXIII v. Advanced Textile Corp*., 214 F.3d 1058, 1068 (9th Cir. 2000) (cautioning that courts must evaluate precise prejudice plaintiffs' pseudonymity would cause defendants at each stage of litigation).

## FACTUAL AND PROCEDURAL BACKGROUND

Doe filed his motion to proceed pseudonymously along with his Complaint, asserting he aimed to "clear his name and to call attention to the blatantly biased policies, procedures and practices of the University, and the malicious and unconstitutional acts of the individual Defendants." Pl.'s Motion at 1 [Doc. 4]. He further claimed that he sought "the opportunity to be able to return to the University and complete his education without an erroneous characterization

as a perpetrator of sexual assault on his education record," and that he "should not be required to put his private information and the intimate details of his sexual activity in the public domain" as part of his attempt to "expose the bias, unconstitutional acts and errors of the Defendants." *Id.* at 2. Doe asserted without any proof that the disclosure of his identity was "likely to subject him to extreme ridicule and possible physical violence," but noted that it was "only the public disclosure of the [his] identity and the identity of his accuser" that he sought to limit. *Id.*

The Court granted Doe's motion, finding that he could proceed pseudonymously because his suit "challenges governmental activity, requires the disclosure of intimate details relating to both himself and another individual, and centers upon an allegation that he committed a serious crime." Order at 2, [Doc. 7]. The Court found that "requiring the plaintiff and a non-party to be referred to using pseudonyms [would] not prejudice or pose a threat of fundamental unfairness to Defendants, as they [were] already aware of the individuals' identities." *Id.* at 3. The Court ordered that the parties refer to both Doe and the non-party by pseudonym when filing any publicly accessible pleadings or documents. *Id.*

Almost six years have passed since the Court's initial Order granting Doe's request to proceed under pseudonym, and the parties are now preparing for trial. The Court has considered and ruled on the parties' initial cross-motions for summary judgment, granting summary judgment in favor of Doe as to his procedural due process claim but determining that there are genuine disputes of material fact as to his Title IX claim which must be resolved by a jury. Order, p. 24 [Doc. 236].

At trial, Doe is expected to seek upward of 1.0 million dollars in claimed lost earnings. H. Sharp Supplemental Economic Loss Report dated Nov. 2, 2023 (Ex. "A" to Mtn.). Contrary to Doe's initial averments, he is now employed and has not sought to enroll at the University of

3

Mississippi or any other training school or academic institution. *See* Doe Dep. dated Jan. 27, 2024, 19:13-25; 20:1-5 (Ex. "B" to Mtn.). Doe's Title IX claims do not turn on whether "he committed a serious crime," but whether the University erroneously concluded that he violated its sexual misconduct policy based on his sex. The circumstances have changed since Doe's initial motion, and the balance of factors now weighs against allowing him to proceed to trial under pseudonym.

## DISCUSSION AND ANALYSIS

In deciding if a plaintiff may proceed anonymously the court may consider if: 1) the plaintiff is suing to challenge governmental activity, 2) prosecution of the suit compels plaintiff to disclose information of the utmost intimacy, and 3) plaintiff is compelled to admit its intention to engage in illegal conduct, thereby risking criminal prosecution. *See Doe v. Stegall*, 653 F.2d 180, 186 (5th Cir. 1981). According to the Fifth Circuit, such factors are not exclusive, however, and other courts have considered similar factors and others, such as the plaintiff's minority status. *Doe v. Gupta*, 2023 U.S. Dist. LEXIS 57639, *2 (N.D. Ohio Mar. 31, 2023); *see also Doe v. Ayers*, 789 F.3d 944, 945 (9th Cir. 2015) (identifying relevant factors as: ("(1) the severity of the threatened harm; (2) the reasonableness of the anonymous party's fears; and (3) the anonymous party's vulnerability to such retaliation.").

The court may be more lenient in its analysis during the pre-trial phase, but that calculus becomes more rigorous as the case approaches trial. *See*, e.g., *Roe v. Patterson*, 2019 U.S. Dist. LEXIS 95314, *14 (E.D. Tex. Jun. 3, 2019) (granting motion to proceed under pseudonym for pretrial purposes but noting that "if the case proceeds to trial, Plaintiff will likely not be allowed to use a pseudonym."); *Lawson v. Rubin*, 2019 U.S. Dist. LEXIS 181192, 2019 WL 5291205, at *2 (E.D.N.Y. Oct. 18, 2019) (vacating order that initially allowed plaintiffs to proceed under

4

pseudonyms before trial because different balance of interests comes into play at trial phase when jury will have to resolve critical issues of credibility); *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1069 (9th Cir. 2000) ("We recognize that the balance between a party's need for anonymity and the interests weighing in favor of open judicial proceedings may change as the litigation progresses.").

As courts have consistently recognized, "the prejudice a defendant faces when a plaintiff uses a pseudonym increases when the parties go to trial." *Doe v. Gooding*, 2023 U.S. Dist. LEXIS 96345, *4 (N.Y.S.D. Jun. 2, 2023) (citing *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 189 (2d Cir. 2008)). Unlike pretrial proceedings, anonymity at trial can "affect witness confrontation, evidence presentation, and jury perception." *Sealed Plaintiff*, 537 F.3d at 190; *see also Doe v. Delta Airlines, Inc.*, 310 F.R.D. 222, 225 (S.D.N.Y. 2015), aff'd, 672 F. App'x 48 (2d Cir. 2016) ("A different balance of interests, [] comes into play at the trial phase, because a jury will now be called upon to resolve critical issues of credibility."). When a plaintiff proceeds under a pseudonym, the court risks "giving [her] claim greater stature or dignity or otherwise confusing or distracting the jury." *Lawson v. Rubin*, 2019 U.S. Dist. LEXIS 181192, at *3 (E.D.N.Y. Oct. 18, 2019) (quotations omitted). Additionally, the use of a pseudonym risks confusion, as "the jurors will likely construe the Court's permission for the plaintiff to conceal her true identity as a subliminal comment on the harm the alleged encounter with the defendant has caused the plaintiff." *Id*. (quoting *Doe v. Cabrera*, 307 F.R.D. 1, 10 (D.D.C. 2014)).

Illustratively, another federal district court recently denied a plaintiff's request to maintain her pseudonym at trial because the potential harm to the defendant and to the trial process outweighed the potential harm of disclosing the plaintiff's identity at trial. *Gooding*, 2023 U.S. Dist. LEXIS 96345, *5. The court rejected the plaintiff's argument that the threat of

5

"public humiliation and embarrassment" justified her request for pseudonymity, finding that such alleged harm was instead "the type of 'unfortunate consequence' that 'many who make accusations against public figures are forced to endure.'" *Id*. (quoting *Rapp v. Fowler*, 537 F. Supp. 3d 521, 530 n. 50 (S.D.N.Y. 2021). The court further noted that the plaintiff's claims of potential psychological injury were unsupported by any documentation and that, "absent more direct evidence linking disclosure of her name to a specific physical or mental injury," a plaintiff cannot "rely on an alleged, generalized psychological harm to proceed under a pseudonym at trial." *Id*. (quoting *Doe v. Gong Xi Fa Cai, Inc*., 2019 U.S. Dist. LEXIS 114919, *2 (S.D.N.Y. July 10, 2019)).

Similarly, in *Doe v. Rose*, the federal district court initially allowed the plaintiff to proceed under pseudonym based on concerns that the plaintiff could be subject to "significant harassment and humiliation from the public" which she would be "particularly vulnerable to," but then denied her request for pseudonymity at trial. 2016 U.S. Dist. LEXIS 188804, *7 (C.D. Cal. Sept. 22, 2016). The court noted that while the plaintiff's need for privacy remained, the weight of authority supported the position that the plaintiff's use of a pseudonym at trial greatly increased the likelihood of prejudice to the defendant. The court observed "[m]any courts have expressed the concern that allowing a plaintiff to proceed under a pseudonym at trial would communicate 'a subliminal comment on the harm the alleged encounter with the defendant has caused the plaintiff.'" *Id*. (quoting *Doe v. Cabrera*, 307 F.R.D. 1, 10 (D.D.C. 2014)). The court concluded that "[t]he effect of this 'subliminal' suggestion—indeed, it is perhaps more accurately characterized as an overt suggestion, repeated each time Plaintiff is referred to as 'Jane Doe'—[was] likely to be strong enough that a limiting instruction would not sufficiently eliminate the resulting prejudice to Defendant." *Id*.

6

The court rejected the plaintiff's contention that "any prejudice to Defendant could be resolved by revealing Plaintiff's name to the jury and otherwise restricting the media's ability to publish her name and image," finding that closing the courtroom would be "the only way of revealing [p]laintiff's name to the jury alone." *Id*. The court observed that "[c]losing the courtroom would likewise send the same prejudicial message to the jury that would be sent by use of the pseudonym" and would also present First Amendment concerns. *Id*. The court additionally found the public's interest in the proceedings increased as trial approached and the potential prejudice to defendant and the public's interest in disclosure outweighed the plaintiff's need to proceed under pseudonym. *Id*. at *9.

Here, Doe has done little to show the potential harm of proceeding without pseudonymity. While his initial motion asserted without support that he faced the possibility of "extreme ridicule and possible physical violence" by proceeding in his own name, he failed to support that assertion with any documentary evidence and has not come forward with any such evidence during discovery. ███████████████████████████████████████████████ ███████████████████████████████████████████████████████████ █████████████████████████████████████ █████████████████████████████████████████ Doe cannot establish the likelihood of any severe or reasonable harm caused by denying him pseudonymity, and the evidence of record shows just the opposite.

In contrast, courts recognize the risk of prejudice to Defendants of allowing Doe to proceed to trial under pseudonym. Allowing Doe to proceed under pseudonym implies to the jury that the Court has determined Doe has suffered some harm from Defendants' conduct, an

implication which cannot be cured with a limiting instruction. Additionally, the witnesses in this matter know Doe by his true name and requiring them to refer to him by a pseudonym is likely to affect the delivery of their testimony, which could alter the jury's perception of such testimony. Moreover, Defendants are entitled to *voir dire* jurors for potential conflicts, which will necessarily be impaired by referring to Doe (and potentially other witnesses such as Doe's father) by pseudonym. Finally, Doe will testify in open court, and no guarantee exists that observers will not determine Doe's identity even if the Court imposes such restrictions at trial.

Last, the public has a strong interest in this litigation, which involves one of the State's public universities. As other courts have held, that interest also increases as the case approaches trial, as the public has a strong interest in the affairs of its courts and the conduct of trials.

Based on the minimal potential for specific harm Doe offered in support of his request for pseudonymity, the significant risk of prejudice to Defendants by allowing pseudonymity, and the public interest in open court proceedings, the Court should find that the balance of factors no longer supports Doe's request to proceed anonymously. As the risk from pseudonymity increases significantly at trial, the Court should preclude Doe from using a pseudonym before the jury.

## CONCLUSION

Defendants request the Court to preclude Plaintiff Andrew Doe from utilizing a pseudonym at the trial of this matter. Defendants request such other relief as the Court deems appropriate under the circumstances.

Dated March 8, 2024.

Respectfully submitted,

**STATE OF MISSISSIPPI; THE UNIVERSITY OF MISSISSIPPI; STATE INSTITUTIONS OF HIGHER LEARNING ("IHL"); THE BOARD OF TRUSTEES OF STATE INSTITUTIONS OF HIGHER LEARNING;**

                                           **C.D. SMITH, JR.; SHANE HOOPER; TOM DUFF; DR. FORD DYE; ANN H. LAMAR; DR. ALFRED E. MCNAIR, JR.; CHIP MORGAN; HAL PARKER; ALAN W. PERRY; CHRISTY PICKERING; DR. DOUG ROUSE; DR. J. WALT STARR; GLENN F. BOYCE; JEFFREY S. VITTER**

                                           */s J. Andrew Mauldin*
                                           J. CAL MAYO, JR. (MB NO. 8492)
                                           PAUL B. WATKINS, JR. (MB NO. 102348)
                                           J. ANDREW MAULDIN (MB NO. 104227)
                                           ATTORNEYS FOR DEFENDANTS

OF COUNSEL:

MAYO MALLETTE PLLC
2094 Old Taylor Road, Suite 200
Oxford, Mississippi 38655
Telephone: (662) 236-0055
Facsimile: (662) 236-0035
*cmayo@mayomallette.com*
*pwatkins@mayomallette.com*
*dmauldin@mayomallette.com*