UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

ANDREW DOE                                                                    PLAINTIFF

V.                                          CIVIL ACTION NO. 3:18-CV-138-DPJ-ASH

STATE OF MISSISSIPPI et al.                                          DEFENDANTS

ORDER

Defendants have moved in limine [303] to exclude certain categories of evidence.  The

Court will grant the motion in part and deny it in part as set out below.

I.      Background

Plaintiff Andrew Doe sued the University of Mississippi and others after he was

suspended his sophomore year for alleged sexual misconduct.  The Court granted Plaintiff partial

summary judgment on his due-process claim under 42 U.S.C. § 1983, Order [236], but granted

partial summary judgment for Defendants on certain damages Plaintiff sought under Title IX.

Order [305].  The case is now set for trial on Plaintiff's Title IX claim for loss of educational

opportunity.

Defendants filed a motion in limine [303]; Doe responded [306].  At the pretrial conference,

the Court requested supplemental briefs, which Doe [307] and Defendants [308] filed.

II.     Standard

As summarized by the Fifth Circuit:

A motion in limine is a motion made prior to trial for the purpose of prohibiting
opposing counsel from mentioning the existence of, alluding to, or offering
evidence on matters so highly prejudicial to the moving party that a timely motion
to strike or an instruction by the court to the jury to disregard the offending matter
cannot overcome its prejudicial influence on the jurors' minds.

O'Rear v. Fruehauf Corp., 554 F.2d 1304, 1306 n.1 (5th Cir.1977) (citation and quotation

omitted).  As with all in limine orders, the non-prevailing party may revisit the issue at trial

outside the jury's presence.  *See Jackson-Hall v. Moss Point Sch. Dist.*, No. 3:11-CV-42-DPJ-FKB, 2012 WL 1098524, at *4 (S.D. Miss. Apr. 2, 2012).

III.    Discussion

Defendants seek to exclude seven categories of evidence from trial.

A.    Evidence of Emotional Distress or Harm to Reputation

The Court has already held that Plaintiff can't recover for emotional distress or reputational harm under Title IX.  Order [305] at 6.  Defendants ask to exclude any such evidence.  Defs.' Mem. [304] at 2.  Doe objects because he believes a blanket exclusion would preclude him from explaining "what he was thinking at certain times and why he did or did not take certain actions," thus "unfairly limit[ing] his ability to explain factual situations related to the loss of educational opportunities."  Pl.'s Resp. [306] at 2.

Defendants are correct that Plaintiff may not seek these damages, which does limit the way the evidence could be used.  But the Court agrees with Plaintiff that the motion is overly broad and that there may be ways the evidence is relevant and admissible.  The topic is also one that can be handled with a timely objection without risking the type of prejudice motions in limine prevent.  The motion is denied, but Defendants may still object and should draft an appropriate limiting instruction.

B.    Evidence of Career Prospects and Claimed Loss of Income

Likewise, the Court has held that Doe cannot pursue damages for his alleged loss of earning capacity.  Order [305] at 14.  Doe concedes the issue based on that ruling.  Pl.'s Resp. [306] at 3.  The motion is granted.

C.     Evidence of Medical/Psychological Treatment

Because the Court excluded opinion testimony from Doe's therapist, Order [305] at 17,

Doe agrees he "will not be putting on evidence of medical or psychological treatment" in support

of the excluded emotional-distress damages.  Pl.'s Resp. [306] at 3.  That essentially concedes

the motion, but Doe offers one caveat, arguing that the Court should not "limit his ability to

explain factual situations and feelings" including those relating to "the circumstances which

precluded him from pursuing educational opportunities."  *Id.*  The supplemental briefs do not

address this category.

Again, the Court can envision ways that Doe's emotional health might become relevant,

but his caveat seems to go beyond that.  Doe has not shown how evidence of his *treatment* would

be admissible, and such testimony would be far more prejudicial than evidence of his feelings.

The Court grants this motion.

D.     Title IX Regulations and Statistics

Defendants first object to "Department of Education 'Dear Colleague Letters,' and any

other administrative regulations or guidance."  Defs.' Mot. [303] at 1.  The "Dear Colleague"

letter refers to the 2011 guidance from the U.S Department of Education that put "a school's

federal funding . . . at risk if it could not show that it was vigorously investigating and punishing

sexual misconduct."  *Doe v. Citadel*, No. 2:21-CV-4198, 2022 WL 2806473, at *9 (D.S.C. July

18, 2022) (quoting *Doe v. Purdue Univ.*, 928 F.3d 652, 668 (7th Cir. 2019)), *aff'd sub nom. Doe

v. The Citadel*, No. 22-1843, 2023 WL 3944370 (4th Cir. June 12, 2023).

In their opening brief, Defendants cited two cases to support suppressing the Dear

Colleague Letter, but both found the letter relevant.  In *Doe v. Citadel*, the court held that "while

many courts have considered the Dear Colleague Letter as relevant background, courts have

uniformly found that it does not, by itself, establish discrimination on the basis of sex." 2022 WL 2806473, at *9.  No. 2:21-CV-04198-DCN, 2022 WL 2806473, at *9 (D.S.C. July 18, 2022), *aff'd sub nom. Doe v. The Citadel*, No. 22-1843, 2023 WL 3944370 (4th Cir. June 12, 2023). The court in *Doe v. University of Denver* reached the same conclusion, holding that the letter and the pressure on the university to comply with it could not meet the plaintiff's burden "unless combined with" other evidence.  952 F.3d 1182, 1193 (10th Cir. 2020) (quoting *Doe v. Columbia Coll. Chi.*, 933 F.3d 849, 856 (7th Cir. 2019)).  In short, these cases do not find the Dear Colleague Letter inadmissible.

In their reply brief, Defendants offered more authority, citing *Doe v. Rollins College*, another Title IX case involving discipline for sexual misconduct.  No. 6:18-CV-1069-ORL-37LRH, 2020 WL 8409325, at *9 (M.D. Fla. July 13, 2020), *aff'd,* 77 F.4th 1340 (11th Cir. 2023).  That case comes closer to supporting Defendants' position because the district court granted summary judgment for the defendants on the Title IX erroneous-outcome claim finding no evidence of gender bias despite the Dear Colleague letter.  *Id.*  According to the court, pro-victim bias could just as easily explain the letter.  *Id.*  The Eleventh Circuit affirmed and rejected the plaintiff's reliance on the Dear Colleague letter because the Department of Education rescinded it before the college started its investigation against Doe.  *Rollins Coll.*, 77 F.4th at 1359.  That's not the case here.

The *Rollins College* court may have a point about victim bias, but it may also have weighed the evidence to reach it.  Of course, neither that case nor the cases finding the letter relevant are binding.  The Court will not issue a blanket ruling until additional context is

provided.  Final ruling will be deferred, and Plaintiff should not discuss the exhibit until a ruling is made outside the jury's presence.[1]

Defendants also object to "[s]tatistical evidence regarding Title IX complaints."  Defs.' Mot. [303] at 1.  In other words, they wish to exclude "arguments related to the number of male respondents in Title IX hearings."  Defs.' Mem. [304] at 5.  That information *could* provide context for whether decisions related to those procedures are based on gender.  While Defendants may object at trial, the Court finds that the evidence should not be precluded in limine.

E.      Other Title IX Complaints, Proceedings, and Lawsuits at the University

First off, there are fewer Title IX cases discussing evidentiary rulings for gender bias claims based on circumstantial evidence, so rulings in the employment-discrimination context are helpful; "Title IX is informed by the body of law developed under Title VII."  *Pacheco v. St. Mary's Univ.*, No. 15-CV-1131 (RCL), 2017 WL 2670758, at *14 (W.D. Tex. June 20, 2017); *see also id.* at *13 (citing *Canutitto Indep. Sch. Dist. v. Leija*, 101 F.3d 393, 404 (5th Cir. 1996) (Dennis, J., dissenting) ("In reviewing claims of sexual discrimination brought under Title IX,

---

[1] The motion states that Defendants seek to exclude the Department of Education's "'Dear Colleague Letters,' and any other administrative regulations or guidance."  Defs.' Mot. [303] at 1.  Defendants fault Plaintiff for focusing on the Dear Colleague letter in response to the motion in limine while failing to address other "administrative guidance documents and political remarks."  Defs.' Supp. Mem. [308] at 4.  But the motion does not appear to cover "political remarks," and neither the motion nor Defendants' brief mentioned any documents other than the Dear Colleague Letter.  *See* Def.'s Mem. [304] at 5.  It was not until their supplemental brief (which the Court requested so the parties could provide legal authority) that Defendants explained their motion also included other specific exhibits related to the withdrawal of the Dear Colleague letter in September 2017.  *See* Defs.' Suppl. Resp. [308] at 4.  There may be reasons why Defendants did not initially identify the other documents in their motion, but because they didn't, the Court cannot fault Doe for failing to address them.  As a result, the Court has not heard Plaintiff's arguments about these other exhibits.  For this added reason, the motion is deferred.

whether by students or employees, courts have generally adopted the same legal standards that are applied to such claims under Title VII")).

Under a Title VII circumstantial-evidence case, evidence of other discriminatory acts *may* be admissible.  For example, in *McDonnell Douglas Corp. v. Green*, the Supreme Court addressed the "allocation of proof in a private, non-class action challenging employment discrimination."  411 U.S. 792, 800 (1973).  In that context, the Court noted that "[o]ther evidence that may be relevant to any showing of pretext includes . . . petitioner's general policy and practice with respect to minority employment."  *Id.* at 804–05.

The Fifth Circuit has noted that such evidence can be relevant and admissible. *See, e.g.*, *Vance v. Union Planters Corp.*, 209 F.3d 438, 445 (5th Cir. 2000) ("[E]vidence that Union Planters had been found to have discriminated against women in the past could help undermine its argument that it chose not to hire Vance only because of administrative concerns") (citing *McCorstin v. U.S. Steel Corp.*, 621 F.2d 749, 754 (5th Cir. 1980) (holding that evidence of pattern of terminating older workers allowed reasonable inference that plaintiff had been discharged on account of age)); *see also Ferguson v. Extraco Mortg. Co.*, 264 F. App'x 351, 352 (5th Cir. 2007) (noting, in individual ADEA claim, "[w]e have acknowledged that other-acts evidence may be relevant and admissible in a discrimination case to prove an employer's intent or pretext").

While other incidents may be relevant, Rule 403 issues remain.  In *Sprint/United Mgmt. Co. v. Mendelsohn*, the Court considered the point in an age-discrimination case.  552 U.S. 379, 387 (2008).  "Mendelsohn sought to introduce testimony by five other former Sprint employees who claimed that their supervisors had discriminated against them because of age."  *Id.* at 381.

In other words, the evidence related to supervisors other than the decisionmakers.  The district court concluded that the evidence should be precluded in limine, but the Supreme Court sent the case back, finding no per se prohibition:

> The question whether evidence of discrimination by other supervisors is relevant in an individual ADEA case is fact based and depends on many factors, including how closely related the evidence is to the plaintiff's circumstances and theory of the case.  Applying Rule 403 to determine if evidence is prejudicial also requires a fact-intensive, context-specific inquiry. . . .  Rules 401 and 403 do not make such evidence *per se* admissible or *per se* inadmissible[.]

*Id.* at 388.

The Fifth Circuit has acknowledged the difficulty these calls present.  In *Lawson v. Graphic Packaging International Inc.*, for example, the court found no abuse of discretion when "[t]he district court struck a considered balance between permitting the jury to consider "pattern and practice" evidence and avoiding introduction of cumulative evidence."  549 F. App'x 253, 256 (5th Cir. 2013).  But an abuse was found in *Wyvill v. United Cos. Life Ins. Co.*, when the court allowed a "parade of anecdotal witnesses, each recounting his own, entirely unrelated contention of [ ] discrimination at the hands of the defendant."  212 F.3d 296, 302 (5th Cir. 2000) (noting that personal anecdotes cannot prove discrimination was "standard operating procedure" unless persons were "similarly situated to the plaintiff").

In general, Defendants object that Doe's proposed exhibits fail to show that they are sufficiently connected.  Defs.' Supp. [308] at 10.  But that does not mean Doe is incapable of laying a proper foundation, and the Court must conduct a "fact-intensive, context specific" review before excluding the evidence.  *Mendelsohn*, 552 U.S. at 388.  That review is not possible on this record, so the motion is denied.  Defendants may, of course, object at trial.

F.     The Court's Ruling on Procedural Due Process

Defendants argue that even though the Court has held that Doe was denied procedural due process, he did not show that his sex was the motive for that denial, and that therefore any mention of his claim or the Court's ruling should be excluded.  Defs.' Mem. [304] at 7.  Doe wants the evidence to support his "erroneous outcome" theory of Title IX discrimination and says he should be able to argue for a causal relationship between the denial of due process and the University's alleged gender bias.  Pl.'s Resp. [306] at 8.  He objects that he will be hamstrung in trying to show "articulable doubt [of] the accuracy of the outcome of the disciplinary proceeding" if he cannot put on evidence of his denial of due process.  Pl.'s Supp. [307] at 9.

In their supplemental response, Defendants disclaim any intent "to preclude Doe from discussing his disciplinary hearing or the process he received as a factual matter" but wish rather to bar him from "re-hashing his procedural due process arguments and discussing the Court's ruling on that claim."  Defs.' Supp. [308] at 12.

To begin, the Court finds that Doe should be allowed to discuss the lack of due process in his disciplinary hearing.  Direct evidence of discriminatory intent is not required and often difficult to find.  *See, e.g.*, *Grimes v. Tex. Dep't of Mental Health & Mental Retardation*, 102 F.3d 137, 140 (5th Cir. 1996).  And in *Doe v. William Marsh Rice University*, the court noted that "[a]t some point an accumulation of procedural irregularities all disfavoring a male respondent begins to look like a biased proceeding."  67 F.4th 702, 711 (5th Cir. 2023) (quoting *Doe v. Regents of Univ. of Cal.*, 23 F.4th 930, 941 (9th Cir. 2022)).  That Defendants' procedures lacked enough due process to violate the Constitution seems relevant.

That said, it may not be necessary—and *could* be unfairly prejudicial and confusing—to inform the jury that the Court has already ruled on the due-process question.  *See, e.g., Sec. &*

8

*Exch. Comm'n v. Ambassador Advisors, LLC*, No. 5:20-CV-02274-JMG, 2022 WL 2188145, at
*3 (E.D. Pa. Feb. 28, 2022) (granting motion in limine to preclude court's prior order).
Accordingly, Doe should be allowed to inform the jury that there is no dispute (for trial
purposes) that the hearing violated due process and in what way.  If the parties cannot agree on a
proper way for that to be addressed, then they should raise the issue with the Court before trial.

   G.  Doe's Dismissed Claims

   Finally, Defendants ask the Court to exclude any evidence or testimony about Doe's
dismissed claims for breach of contract or violation of 42 U.S.C. § 1983.  Defs.' Mem. [304] at
7.  Doe points out that § 1983 "is a procedural vehicle, not a claim in and of itself," and he
argues that any evidence he advanced under that vehicle should not be excluded if it's relevant to
his Title IX claim.  Pl.'s Resp. [306] at 9.

   Doe is somewhat correct; there is overlapping evidence.  But there could be evidence
related solely to the dismissed claims.  The motion is granted to that extent.  Anything else can
be addressed with a timely objection.

   **SO ORDERED AND ADJUDGED** this the 31st day of July, 2024.

           s/ *Daniel P. Jordan III*
           CHIEF UNITED STATES DISTRICT JUDGE