UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

ANDREW DOE                                                                                          PLAINTIFF

V.                                                                     CIVIL ACTION NO. 3:18CV138-DPJ-ASH

THE UNIVERSITY OF MISSISSIPPI, ET AL.                                                 DEFENDANTS

ORDER

This civil action is before the Court for consideration of deposition testimony to be used at trial and objections to that testimony. Three depositions have been presented: Micheal Doe; Norris "E.J." Edney, III; and Beatrice Tisher. As this Order is only for the benefit of the parties, the Court will not cover the factual background of the suit or offer a full discussion of the objections raised. As a general matter, the Court grants Defendants' objection to the use of pseudonyms throughout the depositions. When a deposition is read the jury, Plaintiff's name should be substituted. The Court holds as follows:

Michael Doe:

| Page/Line | Holding |
|---|---|
| 27:14–24 | Granted. There is no foundation under Federal Rule of Evidence 602 showing that the testimony was based on the witness's "personal knowledge of the" proceedings, and the testimony "instead ventured into speculation, usurping the jury's function, which is to draw its own inferences from the evidence presented." *United States v. Haines*, 803 F.3d 713, 734 (5th Cir. 2015). Nor would this fall under Rule 701, which allows "lay opinion testimony based on [the witness's] perceptions." *In re: Taxotere (Docetaxel) Prod. Liab. Litig. V. Sanofi U.S. Servs., Inc.*, 26 F.4th 256, 267 (5th Cir. 2022) (holding district court erred in admitting opinion testimony not based on witness's "personal knowledge"). |
| 54:18–23 | Granted for the same reasons as the preceding objection. |

| | |
|---|---|
| 55:13–56:7; 56:17–22 | Granted for same reasons. |
| 61:17–62:1, 62:16—24 | Granted. There can be no claim for emotional distress. *See* Order [305] (citing *Cummings v. Premier Rehab Keller, P.L.L.C.*, 596 U.S. 212, 217–18 (2022)). But the Court denied a motion in limine to exclude all mention of emotional distress because it was possible that Plaintiff's state of mind could become relevant to issues other than emotional distress. *See* Order [310] at 2. Here, the father was asked to explain the "basis for [Doe's] problems or concerns." Dep. at 61. The resulting testimony related to his emotional distress and is irrelevant. In addition, the testimony lacks a proper foundation showing the witness's personal knowledge of the facts. Again, it is possible that in the proper context Doe himself might be able to explain his decisions, but that must come from him. |

Beatrice Tisher:

| | |
|---|---|
| 4:7–25; 5:1—25; 6:1—25 | Granted. The objected to text is just irrelevant statements from counsel regarding pretrial orders that are inapplicable trial. In any event, statements from counsel are not evidence, and these do not frame any substantive responses from the witness. |
| Pages 7–9; 10:2–8 | Granted for same reason as the preceding objection except as to 7:1—9 and 8:24—10:8. Those portions address routine matters that give some context to the questioning. |
| 58:4–24 | Granted as to 58:4–9 because it is not evidence. The objection is otherwise denied. |
| 65:3–11 | Overruled, the testimony can be viewed in context without violating Rule 403. |
| 69:16–25; 70:1–2 | Overruled for same reasons as preceding objection. |
| 93:19–25; 94:1–2: | Overruled. As to foundation, it is difficult for the court to assess the argument because it is not explained and because the objection comes in a deposition. Under Federal Rule Evidence 104(b), evidence can be contingently offered, which is hard to assess before trial. |
| 103:20–25; 104:1–7 | Overruled. |
| 112:1—15 | Granted. This is not evidence. |

Norris E. J. Edney:

| | |
|---|---|
| 4–8; 9:1–15 | Granted in part. Most of the objected to text is just irrelevant statements from counsel regarding pretrial orders that are inapplicable at trial. In any event, statements from counsel are not evidence, and these do not frame any substantive responses from the witness. The objection is overruled as to 7:5–9 and 8:25–9:15. *See* above. |

| | |
|---|---|
| 59:16-25 | Overruled.  It is not apparent why this is objectionable.  If Defendants contend that it would be confusing because the exhibit numbers have changed, then that can be amended at trial.  Otherwise, the objection is overruled. |
| 61:1–6 | Overruled, but for clarity the text should include 60:25. |
| 64:6–15 | Granted.  The disputed text is not evidence. |
| 72:1–81:21; 88:1–90:15; 92:1–16; 100:3–13; 117:3–25; 118:1–119:14; 120:18–121:21; 130:8–131:2 | Except as specifically referenced, the objections are overruled.  These pages generally discuss what was or was not mentioned during the panel training, what occurred during the hearing and deliberations (which this witness attended), the exhibits and other information the panel considered, how he viewed those items as they related to his personal decision to find Plaintiff responsible, and the basis for his decision.  Defendants mostly object based on lack of foundation, improper opinion testimony, lack of personal knowledge, speculation, and Rule 403.

Starting with foundation, this is again difficult to assess before trial, and the objections do not indicate why foundation is lacking.  It seems that the existence of facts related to each topic were mentioned in this deposition or will be admitted at some point during trial.  *See* Fed. R. Evid. 104(b).  As for personal knowledge, he was asked about what he was told, observed, or thought about decisions he made.  The witness demonstrated sufficient personal knowledge.  Turning to Rule 701, the objections do not identify the opinions, and the Court sees none that would be inadmissible.  A decisionmaker's opinions about the decision he made are not improper.  Finally, the testimony is highly probative in a case based on an erroneous-outcome theory, and it is not so confusing, misleading, or unfairly prejudicial that it should be excluded under Rule 403's standards.

That said, 76:7–77:4 ask questions about issues for which the witness had no personal knowledge and included statements from counsel regarding other witnesses and their testimony.  The questions called for speculation.  Finally, the statements by counsel are not evidence and would be unfairly prejudicial.  The objections are granted as to this text. |
| 94:16–25; 95:6–15, 25; 96:1–7 | Overruled.  These objections are much like the others, but Defendants add that the testimony calls for hearsay within hearsay.  The witness was asked whether he knew about a statement from Roe that was contained in the Title IX report.  The statement was not offered for the truth of the matter asserted but to determine whether the witness was aware of that information before he made a decision. |
| 111:4–12 | If the objection is that the jury will not know who Brandi LaBanc is, then portions of 110 can be added. |
| 117:22–136:2 | Overruled.  It appears that Defendants may be objecting to the evidence being cumulative of other witnesses.  For example, the objection includes testimony regarding the victim's alleged bleeding.  But the testimony regarding that information seems to be limited to the objected-to pages (aside from a brief mention by the witness).  If the objection is that other witnesses said the same thing, then it isn't cumulative to ask a witness to address what he knew and |

| | considered.  If the objection is that counsel asked too many questions regarding these subjects during this deposition, then the answers in many cases invited follow up, and the Court would need to consider where throughout the balance of the deposition Defendants think the topics were adequately addressed such that this becomes cumulative.  Absent a more specific objection, it must be overruled. |
|---|---|

**SO ORDERED AND ADJUDGED** this the 9th day of August, 2024.

s/ *Daniel P. Jordan III*
CHIEF UNITED STATES DISTRICT JUDGE
