IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**ANDREW DOE**                                                                                                              **PLAINTIFF**

**V.**                                                           **CIVIL ACTION NO. 3:18-CV-138-DPJ-ASH**

**STATE OF MISSISSIPPI; THE UNIVERSITY OF
MISSISSIPPI; STATE INSTITUTIONS OF HIGHER
LEARNING ("IHL"), ET AL.**                                                                            **DEFENDANTS**

### PLAINTIFF'S TRIAL BRIEF REGARDING THE AVAILABILITY OF CERTAIN DAMAGES

COMES NOW, Plaintiff Andrew Doe, by and through undersigned counsel, and submits the following Trial Brief addressing damages which are, or may be, before the Court.

### INTRODUCTION

The Court is familiar with the underlying facts of this case and many of the facts relevant to the present briefing. As such, no further discussion is included in this memorandum.

This memorandum is intended to address the availability of certain types of damages in a Title IX claim.

### ARGUMENT

Title IX is a product of Congress's spending power, and it operates like a contract between the Government and the recipients of funds: the Government offers funding in exchange for the recipient's promise not to discriminate. *Gebser v. Lago Vista Indep. Sch. Dist.*, 524 U.S. 274, 286–87, 118 S.Ct. 1989, 141 L.Ed.2d 277 (1998) While the statute's text does not provide an express private right of action, individuals may seek enforcement of Title IX, including monetary damages, through an implied private right of action. *Gebser*, 524 U.S. at 280–81, 118 S.Ct. 1989 (citing *Cannon v. Univ. of Chi.*, 441 U.S. 677, 99 S.Ct. 1946, 60 L.Ed.2d 560 (1979), and *Franklin v.*

*Gwinnett County Public Schools,* 503 U.S. 60, 112 S.Ct. 1028, 117 L.Ed.2d 208 (1992)

It is undisputed that an implied private right of action for money damages exists under Title IX, where funding recipients had adequate notice that they could be liable for the conduct at issue. See *Franklin v. Gwinnett County Public Schools,* 503 U.S. 60, 112 S.Ct. 1028, 117 L.Ed.2d 208 (1992) and *Pennhurst State School and Hospital v. Halderman,* 451 U.S. 1, 17, 101 S.Ct. 1531, 67 L.Ed.2d 694.

**1. Recovery for compensatory damages under Title IX is viable post *Cummings***

In *Cummings v. Premier Rehab Keller, PLLC*, the United States Supreme Court ruled that reputational and emotional distress damages are not recoverable under the Rehabilitation Act and the Affordable Care Act, two of the four anti-discrimination statutes prohibiting recipients of federal financial assistance from discriminating based on certain protected grounds. Plaintiff acknowledges that there are multiple court rulings which have recently held that Title IX plaintiffs are barred from recovering damages not traditionally available in contract law. See e.g. *Rollins v. Kiffin*, 2024 WL 386925 (N.D. Miss. January 31, 2024)[1]

Title IX *does*, however, provide for monetary damages in cases where the funding recipient engages in intentional conduct that violates the clear terms of the statute and the statute does allow for compensatory damages in other regards. Furthermore, loss of educational opportunities and benefits are considered viable and compensable damages claims under Title IX. Earlier this year, this issue of damages under Title IX was addressed in *McGowan v. Southern Methodist University,* February 5, 2024--- F.Supp.3d ----2024 WL 455340. In *McGowan*, the Court found that while

---

[1] Doe does not concede that such damages may not properly be recovered and/or the propriety of the precedent which precludes such damages and respectfully preserves this issue for appeal.

2

claims for compensatory damages related to emotional distress under Title IX fail as a matter of law, claims for compensatory damages for medical expenses related to physical injuries and for the loss of educational opportunities and benefits are viable under Title IX. *Id.,* at *9. In declining to find that compensatory damages for loss of educational opportunities and benefits were precluded as a matter of law, the *McGowan* court noted that other district courts have also found that compensatory damages for loss of educational opportunities and benefits remain available for violations of Spending Clause statutes post-*Cummings*. *Citing* e.g., *Jane Doe v. Fairfax County School Board*, 2023 WL 424265 at *5 ("[T]his Court finds that such losses of educational opportunities remain recoverable post-*Cummings* ..."); *A.T. v. Oley Valley School District*, 2023 WL 1453143 at *4 (E.D. Penn.) ("Plaintiffs' claims for lost income, lost opportunity, fringe benefits, attorney fees, costs and any other non-emotional distress compensatory damages shall remain."). *See also*, *Jane Doe v. Fairfax County School Board*, 2023 WL 424265 at *5 (losses of educational opportunities remain recoverable post-*Cummings*); *A.T. v. Oley Valley School District*, 2023 WL 1453143 at *4 ("Plaintiffs' claims for lost income, lost opportunity, fringe benefits, attorney fees, costs and any other non-emotional distress compensatory damages shall remain."); *Montgomery v. District of Columbia*, 2022 WL 1618741, at *25 n.39, *26 (allowing recovery for lost opportunity under ADA and Rehabilitation Act)

    **2.    Compensatory Damages are Available to Doe even if those Damages are not easily quantifiable.**

The Restatement (Second) of Contracts § 352 cmt. a (1981) provides that compensatory damages which are not based upon specific monetary harm but stem directly from lost opportunities suffered as a result of discrimination can nonetheless serve as a basis for damages in

3

private right of action cases based on Spending Clause statutes. Similarly, in *Montgomery v. District of Columbia*, 2022 WL 1618741, at *25 n.39, *26 the district court allowed recovery for lost opportunity under ADA and Rehabilitation, another Spending Clause statute, holding that "the Court will not usurp the role of the jury and attempt to quantify such damages in the summary judgment setting."

In circumstances similar to those presented herein, numerous courts have found delayed education is a compensable harm. See *Hodges v. Bd. of Supervisors of Louisiana State Univ. & Agric. & Mech. Coll*., No. CV 20-1456, 2020 WL 5017665, at *4 (E.D. La. Aug. 25, 2020) (indicating numerous courts have found delayed education was compensable);

In *Doe v. Fairfax County School Bd.,* the District Court explained, "Although it is true that principles of contract law place the burden on the plaintiff to prove damages with reasonable certainty, Restatement (Second) of Contracts § 352 cmt. a (1981), compensatory damages that are not based upon specific monetary harm but stem directly from lost opportunities suffered as a result of discrimination can nonetheless serve as a basis for damages in private right of action cases based on Spending Clause statutes." *See Doe v. Fairfax County School Bd.*,2023 WL 424265 (E.D. Virginia) citing *Montgomery*, 2022 WL 1618741, at *25 n.39, *26 (allowing recovery for lost opportunity under ADA and Rehabilitation Act, and holding that "the Court will not usurp the role of the jury and attempt to quantify such damages in the summary judgment setting."); Final Jury Instrs., *Nancy Roe v. Purdue Univ.*, No. 4:18-cv-89-JEM (N.D. Ind. Sept. 23, 2022), ECF No. 140 (Instr. No. 24) (instructing jury to "determine the amount of money that will fairly compensate [plaintiff] for any injury that you find she sustained as a direct result of being denied equal access to educational opportunities").

Damages such as delayed education or an academic transcript gap are not the type of damages wherein there is an easily quantifiable monetary loss, but numerous courts have consistently found such damages to be recoverable. See e.g. *Hodges v. Bd. of Sup ervisors of Louisiana State Univ. & Agric. & Mech. Coll.*, No. CV 20-1456, 2020 WL 5017665, at *4 (E.D. La. Aug. 25, 2020) (indicating numerous courts have found delayed education was compensable); Similarly, in *Doe v. Texas Christian University*, 601 F.Supp.3d 78, 2022 WL 1573074 (N.D. Texas, April 29, 2022) the court recognized that a transcript gap, which is not an easily quantifiable monetary loss similar to that which Andrew Doe is claiming herein, was sufficient basis for a finding that a university student would face irreparable injury. Therein, the court recognized that, "Even a favorable decision on the merits will not restore the gap in Doe's transcript. And as other courts have found, it is "highly likely" that Doe will be asked to explain that gap." *Id.* This same concept was again recognized in *Doe v. Univ. of Connecticut*, when the court noted that, "… Even if [the Plaintiff] ultimately prevails on the merits, when asked to explain the gap, "a truthful explanation would seriously hinder his prospects." *Doe v. Univ. of Conn.,* No. 3:20-cv-92, 2020 WL 406356, at *2 (D. Conn. Jan. 23, 2020)   The mere fact that an established injury is not easily quantifiable, does not preclude recovery.  It is the jury's role to determine the appropriate damages in such a situation.

3. **Nominal damages are recoverable under Title IX**

"Nominal damages are not purely symbolic. They are instead the damages awarded by default until the plaintiff establishes entitlement to some other form of damages." *Uzuegbunam v. Preczewski*, 592 U.S. 279, 141 S.Ct. 792 (March 8, 2021)   Because nominal damages are in fact damages paid to the plaintiff, they "affec[t] the behavior of the defendant towards the plaintiff"

5

and thus independently provide redress. *Hewitt v. Helms*, 482 U.S. 755, 761, 107 S.Ct. 2672, 96 L.Ed.2d 654 (1987) (emphasis deleted).

The Restatement (Second) of Contracts § 346(2) (Am. L. Inst. May 2022 Update) provides for the award of nominal damages "[i]f the breach caused no loss or if the amount of the loss is not proved". Specifically, Section 346 comment b provides:

> Nominal damages. Although a breach of contract by a party against whom it is enforceable always gives rise to a claim for damages, there are instances in which the breach causes no loss. See Illustration 1. There are also instances in which loss is caused but recovery for that loss is precluded because it cannot be proved with reasonable certainty or because of one of the other limitations stated in this Chapter. See §§ 350- 53. In all these instances the injured party will nevertheless get judgment for nominal damages, a small sum usually fixed by judicial practice in the jurisdiction in which the action is brought. Such a judgment may, in the discretion of the court, carry with it an award of court costs. Costs are generally awarded if a significant right was involved or the claimant made a good faith effort to prove damages, but not if the maintenance of the action was frivolous or in bad faith. Unless a significant right is involved, a court will not reverse and remand a case for a new trial if only nominal damages could result.

*Restatement (Second) of Contracts* § 346 (Am. L. Inst. May 2022 Update)

Similarly, under Mississippi state law, nominal damages are available for a breach of contract. See e.g. *Callicott v. Gresham*, 249 Miss. 103, 161 So.2d 183 (Miss. Feb. 24, 1964) As discussed in *Callicott*, the Mississippi Supreme Court has held "that where a suit is brought for a breach of a contract, and the evidence sustains the claim, the complainant is entitled to recover at least nominal damages for the failure of the defendant to carry out his agreement." *Callicott*, at 112, *citing B. Bluethenthal Company v. McDougal*, 163 Miss. 406, 141 So. 291, 142 So. 13.; S*ee also Cascio v. Cascio Investments*, 327 So.3d 59 (Miss. 2021)  Moreover, recovery should not be limited to nominal damages where the complainant is shown to have suffered actual damages as a result of the breach; in such case, he is entitled to substantial damages. 15 Am.Jur., Damages, § 7,

at p. 375.

Specific application of this principle has been set forth in *Nancy Roe v. Purdue Univ.* a case from the District Court for the Northern District of Indiana. In that case, the Court instructed the jury that, "If you find in favor of [Plaintiff] and against Defendant Purdue University but you find [the Plaintiff's] damages have no monetary value, then you must return a verdict for plaintiff in a nominal or small amount." *See Nancy Roe v. Purdue Univ.*, No. 4:18-cv-89-JEM (N.D. Ind. Sept. 23, 2022), ECF No. 140 (Instr. No. 24). Furthermore, *Doe v. Fairfax,* favorably discussed the possibility of nominal damages in a Title IX case, acknowledging the aforementioned instruction. See *Fairfax*, at FN 2, citing Final Jury Instrs., *Nancy Roe v. Purdue Univ.,* No. 4:18-cv-89-JEM (N.D. Ind. Sept. 23, 2022), ECF No. 140 (Instr. No. 24). In fact, in *Fairfax* the Court took specific note that the *Purdue* court gave the nominal damages instruction "even where the plaintiff had not explicitly sought nominal damages in the complaint". *Id*, citing *Compl. at 8, Nancy Roe v. Purdue Univ.*, No. 4:18-cv-89-JEM (N.D. Ind. Nov. 13, 2018), ECF No. 1.

4. **In addition to compensatory and/or nominal damages, judgment in the form of declaratory and/or injunctive relief are additional forms of relief available to the Plaintiff.**

While Doe has already obtained a judgment in his favor with respect to the unconstitutionality of the Defendants' actions, an award of declaratory and injunctive relief with respect to the Plaintiff's procedural due process claim should not limit the availability of such relief with respect to his Title IX claim. The claims are based upon separate and distinct laws and the period for the Defendants to appeal the due process judgment has not yet expired. As such, there remains a risk to the Plaintiff for which he seeks relief.

RESPECTFULLLY SUBMITTED, this, the 15th day of August, 2024.

**ANDREW DOE,**
Plaintiff

BY: /s/ *Michelle T. High*

J. Lawson Hester (MS Bar No. 2394)
Cranfill Sumner LLP
5420 Wade Park Blvd. Suite 300
Raleigh, NC 27607
Post Office Box 27808
Raleigh, NC 27611-7808
Telephone: 919.863.8762
lhester@cshlaw.com

Michelle T. High (MS Bar No. 100663)
WEISBROD MATTEIS & COPLEY PLLC
1022 Highland Colony Pkwy, Suite 203
Ridgeland, Mississippi 39157
Telephone: 601.803.5002
mhigh@wmclaw.com