## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## NORTHERN DIVISION

**ANDREW DOE**                                                                                    **PLAINTIFF**

**V.**                                                                    **CIVIL ACTION NO. 3:18-cv-138-DPJ-ASH**

**STATE OF MISSISSIPPI; THE UNIVERSITY OF**
**MISSISSIPPI; STATE INSTITUTIONS OF HIGHER**
**LEARNING ("IHL"), ET AL.**                                                          **DEFENDANTS**

### DEFENDANTS' AUTHORITIES ON NOMINAL DAMAGES

At the Court's request, Defendants respectfully submit the following authorities on the question of nominal damages.

The U.S. Constitution which limits federal judicial power to actual "cases or controversies". *See U.S. Const. art. III, §2, cl. 1*. To satisfy standing, the plaintiff has the burden of establishing: (i) an injury in fact, (ii) fairly traceable to the defendant's conduct, (iii) and likely to be redressed by a favorable decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61, 112 S. Ct. 2130, 119 L. Ed. 2d 351 (1992); *Campaign for Southern Equal. v. Bryant*, 64 F. Supp. 3d 906, 916 (S.D. Miss. 2014). Importantly, as a jurisdictional requirement, a party cannot waive a challenge to Article III standing. *La. Sportsmen Alliance, L.L.C. v Vilsack*, 583 Fed. Appx. 379, 380 (5th Cir. 2014) (citing *N.A.A.C.P. v. City of Kyle, Tex.*, 626 F. 3d 233, 237 (5th Cir. 2010)). "At all stages of litigation, a plaintiff must maintain a personal interest in the dispute", and an action becomes moot if a court "finds that it can no longer provide [Plaintiff] with any effectual relief." *Van Overdam v. Texas A&M Univ.*, No. 4:18-CV-02011, 2024 WL 115229, at *4 (S.D. Tex. Jan. 10, 2024) (*citing Uzuegbunam v. Preczewski*, 141 S. Ct. 792, 796 (2021)).

Here, Plaintiff cannot recover compensatory damages for emotional distress or reputational damages. *Cummings v. Premier Rehab Keller, P.L.L.C.*, 596 U.S. 212, 230 (2022).

He also cannot recover punitive damages. *Barnes v. Gorman*, 536 U.S. 181, 187 (2002). The Court has previously ruled Plaintiff cannot pursue damages for his alleged loss of earning capacity. Order, at 14 [Doc. 305]. A request for attorney fees does not satisfy the Article III redressability requirement because it is a "mere byproduct of the litigation itself." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 107 (1998). There is no proof of a continuing Title IX proceeding, and Plaintiff's suspension ended in 2020, so his requests for injunctive and declaratory relief are moot. *See ACLU of Mass. v. United States Conf. of Catholic Bishops*, 705 F.3d 44, 52 (5th Cir. 2013). Plaintiff's only available damages are for lost educational opportunities. *Id.* at 8. If Plaintiff fails to proof of such damages, nominal damages would be his only possible relief. Absent the availability of nominal damages or proof of lost educational opportunities, his Title IX claims are moot.

Courts considering the issue of nominal damages post-*Cummings* have indicated that such damages cannot substitute for otherwise unavailable emotional distress damages. *Hejmej v. Peconic Bay Med. Ctr.*, No. 17-CV-782, 2022 WL 5429675, at *8 (E.D.N.Y. July 5, 2022) (declining to allow nominal damages as a substitute for "non-compensable emotional distress" damages); *K.G. v. Woodford Cnty. Bd. of Educ.*, No. CV 5:18-555-DCR, 2022 WL 17993127, at *4 (E.D. Ky. Dec. 29, 2022) (declining to allow a Title IX claim to proceed for nominal damages where "the only harm alleged by the plaintiffs are emotional in nature" and "it is questionable whether plaintiffs have preserved a nominal damages argument").

The Supreme Court has held that "an award of nominal damages by itself can redress a past injury." *Uzuegbunam v. Preczewski*, 592 U.S. 279, 283 (2021). However, the Court has also indicated that, where a complaint did not specifically request nominal damages, a request for such relief "asserted solely to avoid otherwise certain mootness, bore close inspection."

*Arizonans for Official English v. Arizona*, 520 U.S. 43, 71 (1997) (*citing Fox v. Board of Trustees of State Univ. of N.Y.*, 42 F.3d 135, 141-142 (2d. Cir 1994)). *See also Mayfield v. Tex. Dep't of Criminal Justice*, 529 F.3d 599, 606 (5th Cir. 2008) (holding that, absent proof of injury, plaintiff's claims for damages were not saved by a late request for nominal damages where "his complaint [sought] only compensatory damages"); *Stern v. Hinds Cty.*, 436 Fed. App'x 381, 382 (5th Cir. 2011) (holding that district court did not err in dismissing inmate's claim where "he did not seek such relief" until three years after filing his complaint and did not address district court's ruling on that issue); *Busick v. Neal*, 380 Fed. App'x 392, 398 (5th Cir. 2010) (holding that, where plaintiff had not alleged actual injury and his request for injunctive relief was moot, his claims could not survive summary judgment where he did not request nominal damages); see also in order to "defeat summary judgment based on an entitlement to nominal damages, a plaintiff must request nominal damages in its complaint or seek to amend its complaint to request nominal damages." *Brand Design Co., Inc. v. Rite Aid Corp.*, No. CV 22-1174, 2024 WL 1164428, at *8 (E.D. Pa. Mar. 18, 2024) (*citing Welding Eng'rs Ltd. V. NFM/Welding Eng'rs, Inc.*, 352 F.Supp.3d 416, 435 (E.D. Pa. 2018)).

Here, Plaintiff's Second Amended Complaint did not request nominal damages. Second Am. Compl., at 44 [Doc. 8]. He has never sought to amend his complaint to seek such relief or otherwise asked for such relief before submitting a proposed jury instruction referencing nominal damages. If he cannot prove actual damages, he should not be allowed to request nominal damages after failing to request such relief for more than six years.

Dated: August 15, 2024

Respectfully submitted,

**STATE OF MISSISSIPPI; THE UNIVERSITY OF MISSISSIPPI; STATE INSTITUTIONS OF HIGHER**

LEARNING ("IHL"); THE BOARD OF TRUSTEES
OF STATE INSTITUTIONS OF HIGHER LEARNING;
C.D. SMITH, JR.; SHANE HOOPER; TOM DUFF; DR.
FORD DYE; ANN H. LAMAR; DR. ALFRED E.
MCNAIR, JR.; CHIP MORGAN; HAL PARKER;
ALAN W. PERRY; CHRISTY PICKERING; DR. DOUG
ROUSE; DR. J. WALT STARR; GLENN F. BOYCE;
JEFFREY S. VITTER

*/s Paul B. Watkins, Jr.*
J. CAL MAYO, JR. (MB NO. 8492)
PAUL B. WATKINS, JR. (MB NO. 102348)
J. ANDREW MAULDIN (MB NO. 104227)
ATTORNEYS FOR DEFENDANTS

OF COUNSEL:

MAYO MALLETTE PLLC
2094 Old Taylor Road, Suite 200
Oxford, Mississippi 38655
Telephone: (662) 236-0055
Facsimile: (662) 236-0035
*cmayo@mayomallette.com*
*pwatkins@mayomallette.com*
*dmauldin@mayomallette.com*