UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

ANDREW DOE                                                                                                   PLAINTIFF

V.                                                                        CIVIL ACTION NO. 3:18-cv-138-DPJ-ASH

STATE OF MISSISSIPPI; THE UNIVERSITY OF
MISSISSIPPI; STATE INSTITUTIONS OF HIGHER
LEARNING ("IHL"), ET AL.                                                                          DEFENDANTS

ORDER

This Order addresses the parties' post-trial dispute over the wording of the Judgment and whether it should dismiss the equal-protection claim Doe pleaded in his Complaint. As stated on the record during a September 4, 2024 virtual hearing, the equal-protection claim is dismissed.

On January 16, 2019, the Court dismissed Plaintiff Andrew Doe's breach-of-contract claim, as well as individual-capacity claims asserted against Defendants Honey Ussery and Tracy Murry. Order [60]. It then granted partial summary judgment for Plaintiff Andrew Doe on his Fourteenth Amendment procedural-due-process claim brought under 42 U.S.C. § 1983. Order [236]. Consistent with that finding, the Court awarded Doe declaratory and injunctive relief, but because those remedies were the only ones available for Plaintiff's other constitutional claims, the Court made no equal-protection or substantive-due-process rulings at the summary-judgment stage. *Id.* at 24.[1]

It is somewhat unclear whether the PTO carried the equal-protection claim to trial, but that ambiguity matters not because the claim was waived either way. The PTO lists equal

---

[1] The pretrial order later listed the substantive-due-process claim as having been dismissed. PTO [316] ¶ 4. That's incorrect. *See* Order [60] at 22. But the parties are not disputing that now, and the issue has been waived.

protection among the "filed" claims, a list that includes the dismissed claims. *See* PTO [316] ¶ 4. It then notes:

> [T]he Court dismissed all claims against all Defendants other than Plaintiff's (1) Title IX claims against the University; IHL; the Board of Trustees of the IHL; the State of Mississippi; and the Chancellor, IHL Commissioner; and IHL Board Commissioners in their official capacities, and (2) portions of the claim against Chancellor Vitter under *Ex parte Young*.

*Id.* The reference to claims under *Ex parte Young* likely includes the equal-protection claim and would accurately note that it was not dismissed. Equal protection is also listed among the grounds for jurisdiction, though that list includes other claims that were not presented to the jury (like due process). *Id.* ¶ 5. The only other place equal protection *might* appear is in the contested issues of fact, where both sides said the jury must decide whether Doe's sex/gender motivated Defendants' actions. *Id.* ¶ 9(b)(9) (Plaintiff's submission); *id.* ¶ 9(b)(1) (Defendants' submission).

Though close, the Court finds that these references to an equal-protection claim—which was initially pleaded—fail to preserve it. Plaintiff expressly included the Title IX claim among the issues for the jury to decide; he did not similarly list an equal-protection claim. *Id.* ¶ 9(b)(2). And though the PTO notes that the Court did not dismiss the equal-protection claim, no language in the PTO preserves that claim for later. Consistent with that, neither side tried the case as if it included equal protection. If the equal-protection claim was *not* preserved in the PTO, then it was waived: "The pleadings are amended to conform to this pretrial order." *Id.* ¶ 3. If the equal-protection claim *was* preserved in the PTO, then Plaintiff waived it by failing to seek its inclusion in the Verdict Form [324] or in the jury instructions. *See* Fed. R. Civ. P. 49(a)(3); *id.* R. 51.

The parties did try Plaintiff's Title IX claim, which they presented to a jury on August 13–16, 2024.  The jury rendered a verdict for Defendants and against Plaintiff on August 16, 2024, specifically finding that he did not prove, "by a preponderance of the evidence, that Defendants discriminated against him on the basis of his gender in violation of Title IX." Verdict Form [324].  That verdict would preclude the cumulative equal-protection claim even if preserved.  *See Polson v. Davis*, 895 F.2d 705, 710–11 (10th Cir. 1990) (affirming directed verdict on equal-protection claim because facts necessary for claim were identical to facts considered by jury on First Amendment claim).

For these reasons, the Court finds that judgment should be entered for Defendants on the equal-protection claim.  A final judgment consistent with this finding will be entered under Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED** this the 6th day of September, 2024.

*s/ Daniel P. Jordan III*
CHIEF UNITED STATES DISTRICT JUDGE