UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

ANDREW DOE                                                                    PLAINTIFF

V.                                              CIVIL ACTION NO. 3:18-CV-138-DPJ-ASH

STATE OF MISSISSIPPI et al.                                             DEFENDANTS

ORDER

On September 6, 2024, the Court entered final judgment for Andrew Doe on his

procedural-due-process claim under 42 U.S.C. § 1983 but against him on all other claims.  Judg.

[332].  That included his Title IX claim for monetary damages on which he lost at trial.  The

Court retained jurisdiction to consider applications for costs and attorney fees.  *Id*. at 2.  After a

status conference, the Court ordered the parties to brief the threshold question whether Doe

should be considered a prevailing party, they complied.  *See* Pl.'s Mem. [333] (fees); Pl.'s Mem.

[334] (costs); Defs.' Mem. [335]; Pl.'s Reply [337].  Having considered the parties' motions and

the applicable law, the Court finds that Doe is a prevailing party entitled to fees but that each side

should pay its own costs and expenses.

I.      Attorney's Fees

Under 42 U.S.C. § 1988, in a case brought to vindicate civil rights, the Court "in its

discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs."

That discretion has limits, and "the discretion afforded district courts to deny attorney's fees to

prevailing plaintiffs under § 1988 is exceedingly narrow."  *Grisham v. City of Fort Worth*, 837

F.3d 564, 567 (5th Cir. 2016) (reversing decision to completely deny attorney fees) (quoting

*Sanchez v. City of Austin*, 774 F.3d 873, 878 (5th Cir. 2014) (same)).

A.      Doe Is a Prevailing Party

The University does not seek its own attorney's fees, but it objects to treating Doe as a "prevailing party" under § 1988.  Defs.' Mem. [335] at 7.  To attain "prevailing-party" status, "a plaintiff must (1) obtain actual relief, such as an enforceable judgment or consent decree; (2) that materially alters the legal relationship between the parties; and (3) modifies the defendant's behavior in a way that directly benefits the plaintiff at the time of the judgment." *Dearmore v. City of Garland*, 519 F.3d 517, 521 (5th Cir. 2008) (quoting *Energy Mgmt. Corp. v. City of Shreveport*, 467 F.3d 471, 482 (5th Cir. 2006)).

**Doe meets each element.**  To start, Doe obtained an enforceable judgment when the Court granted him partial summary judgment on his procedural-due-process claim under § 1983.  Order [236] at 21.  Because the disciplinary hearing against Doe violated his rights, the Court ordered

> the University to immediately remove any indication of a disciplinary finding against Doe from his student records, to wholly and permanently expunge the finding of responsibility and the record of the entire Title IX proceeding from his academic record, and to permanently seal all such proceedings to protect against subsequent disclosure to any other person or academic institution.

*Id.* at 24 (cleaned up).  If the University violates this Order, Doe could enforce it, and that materially alters their legal relationship.  *See Tex. State Teachers' Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 792 (1989); *Dearmore*, 519 F.3d at 521.  The Order also modified the University's behavior in a way that immediately benefited Doe.  *Id.*  The Order essentially nullified a finding that Doe was guilty of sexual misconduct and forced the University to expunge its findings and seal all proceedings.  The benefits are obvious.

**Doe's victory was not *de minimis*.**  Despite his meeting the *Dearmore* elements, the University says Doe is not a prevailing party because his results were "at best *de minimis*." Defs.' Mem. [335] at 8.  As the University notes, "a technical victory may be so insignificant . . .

2

as to be insufficient to support prevailing party status." *Tex. State Teachers Ass'n.*, 489 U.S. at

792. That happened in two cases the University cites. Both are distinguishable.

In *Jenevein v. Willing*, a state-court judge obtained a ruling that removed commentary

from a public censure by the state's commission on judicial conduct. 605 F.3d 268, 271 (5th Cir.

2010). But because the plaintiff was still censured as to all violations—sans some

commentary—the victory was considered too *de minimis* to make him the prevailing party. *Id.*

The University's finding that Doe was guilty of sexual misconduct was fully expunged.

The other case is *Roark & Hardee LP v. City of Austin*, 522 F.3d 533, 556 (5th Cir. 2008).

The plaintiff in that case obtained a finding that the city violated due process by allowing

suspension or revocation of city permits and licenses without expeditious judicial review. *Id.*

But that technical win was worth little because the plaintiff lost his other claims and the city

could still enforce a license revocation provision with proper review. *Id.* Again, that is not what

happened here.

The University offers a few additional arguments along these lines, but none resonate.

For example, it argues that Doe told the jury monetary relief was necessary for him to be made

whole. But to be a prevailing party, Doe must merely "achieve some of the benefit [he] sought in

bringing suit." *Tex. State Teachers Ass'n*, 489 U.S. at 791–92. He did that.

The University also observes that its "obligations under the Family Educational Rights

and Privacy Act ('FERPA') already placed certain confidentiality restrictions on Defendants."

Defs.' Mem. [335] at 7 (citing 34 C.F.R. § 99.30). The University's reasoning is

underdeveloped, but the code section it cites addresses the need for consent before student

records can be distributed. First, there are exceptions, like records requested by other schools.

*See* 34 C.F.R. § 99.31(a) (2). Second, a future employer could ask Doe to consent. Without the

Court's Order, Doe would face the difficult decision whether to decline the request or comply and have the future employer see a finding that he committed sexual misconduct and was suspended.

In short, Doe's due-process victory was not *de minimis*.  The University fought hard to avoid this relief, and when Doe prevailed, it removed the cloud of having been found guilty of sexual misconduct.

B.      Mixed Results

Doe is a prevailing party, but he lost more claims than he won.  Still, "the fee award should not be reduced simply because [he] failed to prevail on every contention raised in the lawsuit." *Hensley v. Eckerhart*, 461 U.S. 424, 435 (1983).  Instead, "two questions must be addressed.  First, did [Doe] fail to prevail on claims that were unrelated to the claims on which he succeeded?  Second, did [he] achieve a level of success that makes the hours reasonably expended a satisfactory basis for making a fee award?" *Id.* at 434.

**The claims were related.**  Neither side devotes much analysis to the first *Hensley* question.  But the issue is important.  As the Supreme Court noted, a plaintiff may sometimes "present in one lawsuit distinctly different claims for relief that are based on different facts and legal theories" of which some succeed and others fail.  *Id.* at 434–35.  Such "unrelated [failed] claims" are to "be treated as if they had been raised in separate lawsuits," with no fees awarded for them.  *Id.* at 435 (footnote omitted).

Here, Doe's successful due-process claim related to his failed claims, all of which arose from the same Title IX proceedings against him.  Also, Doe's theory was that the University's constitutionally infirm hearing procedures flowed from intentional gender discrimination, which he pursued under the Equal Protection Clause and Title IX.  The claims were sufficiently related.

4

**Doe's success was limited.**  If Doe "obtained excellent results, his attorney[s] should recover a fully compensatory fee.  Normally this will encompass all hours reasonably expended on the litigation, and indeed in some cases of exceptional success an enhanced award may be justified." *Hensley*, 461 U.S. at 435.  But if Doe "achieved only partial or limited success, the product of hours reasonably expended on the litigation as a whole times a reasonable hourly rate may be an excessive amount.  This will be true even where the plaintiff's claims were interrelated, nonfrivolous, and raised in good faith." *Id.* at 436.

Doe proved the Title IX hearing violated his right to procedural due process and obtained all equitable relief he sought.  But he lost everything else.  That includes:  (1) §1983 claims against the state, arms of the state, and individuals in their official capacities, all of which were barred by the Eleventh Amendment; (2) individual-capacity claims against two University employees under § 1983 that were barred by qualified immunity; (3) breach-of-contract claims against two employees who were not parties to Doe's contract; (4) breach-of-contract claims against the state and arms of the state for which sovereign immunity applied; (5) equal-protection claims under § 1983; and (6) all Title IX claims against all Defendants.  Indeed, Doe achieved no success after his partial summary-judgment victory, losing every issue he took to trial.

As *Hensley* notes, "[l]itigants in good faith may raise alternative legal grounds for a desired outcome, and the court's rejection of or failure to reach certain grounds is not a sufficient reason for reducing a fee. *The result is what matters*." *Id.* at 435 (emphasis added).  But "alternative legal grounds" for Doe's one success in the case is not what the lawsuit was about after he obtained his injunctive relief.  He pursued a new "result"—i.e., monetary damages.  In any event, Doe achieved "only partial or limited success." *Id.* at 436.

**Next steps.** The Court has now gone as far as it can on the fee dispute. Because it bifurcated the prevailing-party issue from the fee request, the Court does not yet know the attorney's fees Doe will seek. And without knowing that, it cannot say whether the request is reasonable. Doe must now submit that request so the Court can determine "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Id.* at 433. This "lodestar calculation" will then be analyzed for reasonableness based on the level of success and remaining factors listed in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 718 (5th Cir. 1974); *see also Gagnon v. United Technisource, Inc.*, 607 F.3d 1036, 1044 (5th Cir. 2010) (reiterating need to apply *Johnson* factors).

II.      Costs Against the University

Doe also seeks his costs under Federal Rule of Civil Procedure 54(d)(1) which "contains a strong presumption that the prevailing party will be awarded costs." *Pacheco v. Mineta*, 448 F.3d 783, 793 (5th Cir. 2006). The parties acknowledge that this rule refers to "the prevailing party," singular, and that the Fifth Circuit has not said whether that means only one party can recover costs (though other courts so hold). *See* Pl.'s Mem. [333] at 2–3; Defs.' Mem. [335] at 8–9. Costs include those set forth at 28 U.S.C. § 1920 as well as Doe's "reasonable out-of-pocket expenses, including charges for photocopying, paralegal assistance, travel, and telephone." *DeLeon v. Abbott*, 687 F. App'x 340, 342 (5th Cir. 2017) (noting allowance of such expenses in discrimination cases) (quoting *Assoc. Builders & Contractors of La., Inc. v. Orleans Par. Sch. Bd.*, 919 F.2d 374, 379 (5th Cir. 1990)).

Doe requests "the costs necessary for maintenance and success on the procedural due process claim, as well as costs associated with any claim which is deemed factually interrelated." Pl.'s Mem. [334] at 4. He also seeks expenses. *Id*. at 3–4. The University objects, arguing that

either Defendants, not Doe, "prevailed" or else Defendants should be treated as "prevailing" for "their costs related to discovery and the trial of this matter."  Defs.' Mem. [335] at 10.

The Fifth Circuit finds it "[i]mportant[]" that a party need not "prevail on every issue to be entitled to costs."  *DHI Grp., Inc. v. Kent*, Nos. 21-20274 & 21-20474, 2022 WL 3755782, at *6 (5th Cir. Aug. 30, 2022) (unpub.) (quoting *Fogelman v. ARAMCO*, 920 F.2d 278, 285 (5th Cir. 1991)).  But when deciding which party prevailed, "[t]he case must be viewed as a whole."  *Id*. (quoting *Studiengesellschaft Kohle mbH v. Eastman Kodak Co.*, 713 F.2d 128, 131 (5th Cir. 1983)).  Wright and Miller note that, although "a claimant who has obtained some relief usually will be regarded as the prevailing party even though the party has not sustained all his claims," in some cases "the court will apportion costs among the parties."  10 *Federal Practice & Procedure* § 2667 (4th ed.).  And "[a] trial judge has wide discretion with regard to the costs in a case and may order each party to bear his own costs."  *Hall v. State Farm Fire & Cas. Co.*, 937 F.2d 210, 216 (5th Cir. 1991) (requiring court to state reasons when prevailing party not awarded costs).

As noted under the attorney's-fees analysis, Doe's success was not *de minimis*, but he lost far more claims than he won.  Considering the case as a whole, most Defendants were dismissed, the University prevailed on all claims except procedural due process, Doe incurred costs after obtaining partial summary judgment on the due-process claim yet achieved no further success, and he recovered no monetary damages.  Even if he is the prevailing party under Rule 54(d)(1), the Court concludes that each party should bear their own costs and expenses.

III.    Conclusion

The Court has considered all arguments presented.  Any not addressed here would not alter the outcome.  Doe must file a motion seeking attorney's fees within 21 days of this Order and include all evidence necessary under the cited authority.  Defendants will then have 14 days

to respond, and Doe may reply within seven days.  The Court recognizes that this may be a tall task, so if the parties have a better approach or wish to discuss the procedure with the Court, they may call to set a Zoom conference.

Finally, there are three pending "motions" on CM/ECF—Doe's motion for fees [333], Doe's motion for costs [334], and Defendants' motion for fees [335].  Though docketed as "motions" that remain pending on the Court's docket, the two related to fees [333] and [335] are legal briefs addressing prevailing-party status as the Court requested.  It is not apparent that they were intended as motions, and, if they were, they would violate Uniform Local Rule 7(b)(2).  Those two "motions" are therefore terminated, and the attorney's-fee issue will be finally resolved when Doe files his motion.  Doe's motion for costs [334] is a little different and seems to be a combined motion and brief.  For the reasons stated, the Court denies that motion and orders the parties to pay their own costs and expenses.

**SO ORDERED AND ADJUDGED** this the 7th day of November, 2024.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE